**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **MARILYN SHANNON McCONAGHY, Receiver of American Universal Insurance Company and Canadian Universal Insurance Company,** | ) | |
| **Plaintiff,** | ) | **No. 92-512 L** |
| **v.** | ) | **Judge Ronald L. Lagueux** |
| **SEQUA CORPORATION, et al.** | ) | |
| **Defendants.** | ) | |

**DECLARATION OF DANIEL J. KING**

Daniel J. King hereby declares as follows:

1. I am a partner with the law firm of King & Spalding LLP and served as counsel to Towers, Perrin, Forster & Crosby, Inc., as successor by merger to Tillinghast, Nelson & Warren and Tillinghast & Company ("Tillinghast") in connection with litigation (the "Federal Court Litigation") brought by the Receiver of American Universal Insurance Company and Canadian Universal Insurance Company (the "Receiver") in this Court. Tillinghast obtained summary judgment on all claims in the Federal Court Litigation in October 2001.

2. In October 1998, I participated on behalf of Tillinghast in mediation sessions with representatives of the Receiver and multiple other defendants. The Receiver was represented by Ellen G. Robinson, among others. At the outset of those mediation sessions, I informed the mediator, Professor Eric Green, that Tillinghast held indemnity rights from Chromalloy American Corporation ("Chromalloy") and Sequa Corporation ("Sequa") and, as a result, Tillinghast would not be contributing funds to any settlement. Professor Green understood this

issue and for the balance of the mediation sessions Tillinghast played no substantive role in the negotiations. I am aware that Professor Green informed the other parties to the mediation, including the Receiver and the Receiver's representatives, of Tillinghast's position and all parties understood that Tillinghast was not willing to contribute to any settlement.

3. Apart from the October 1998 mediation, I have on multiple occasions throughout the course of the Litigation discussed with counsel for the Receiver, in particular Ellen Robinson, that Tillinghast had indemnity rights against Chromalloy and Sequa and that Tillinghast would not be contributing to any settlement with the Receiver. Subsequent to the October 1998 mediation, Tillinghast has never been asked by any party to participate in any settlement discussions in the Federal Court Litigation.

4. In her May 26, 2005 Affidavit, Ellen Robinson references a telephone call that I made to her "[s]ometime after the Receiver and the Sequa Defendants finalized the Settlement Agreement." I recall placing a call to Ellen Robinson but do not recall the specific statements that were made. I do recall that the primary purpose of that call was to ascertain the Receiver's intentions with respect to a separate piece of litigation that is pending in Rhode Island Superior Court. Tillinghast, Nelson & Warren does not have indemnity rights against Chromalloy or Sequa in connection with certain alleged actuarial malpractice claims in the State Court Litigation and did not serve as Sequa's or Chromalloy's agent in connection with certain issues that are the subject of the State Court Litigation. Counsel for the Receiver had suggested in the past that if the Receiver obtained a satisfactory result in the Federal Court Litigation, it would not continue to pursue the State Court Litigation. My call was intended to determine the Receiver's intentions in this regard.

I declare under penalty of perjury that the forgoing is true and correct.

Executed on this 2nd day of June, 2005

Daniel J. King.