UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MARILYN SHANNON McCONAGHY, Receiver of American Universal Insurance Company and Canadian Universal Insurance Company,<br><br>Plaintiff,<br><br>- against -<br><br>SEQUA CORPORATION, et al.,<br><br>Defendants. | No. 92-512L<br><br>**AFFIDAVIT OF STEVEN R. LOWSON** |

Steven R. Lowson, being duly sworn, deposes and says as follows:

1. I am Vice President and Senior Associate General Counsel of Sequa Corporation ("Sequa"), a defendant in the above-captioned action. In that capacity, I have been responsible for monitoring and supervising the conduct of this litigation by the law firms Little Medeiros Kinder Bulman & Whitney, P.C. and Goodwin Procter LLP., which had been retained to represent Sequa and the related defendants Chromalloy American Corporation ("Chromalloy"), Norman Alexander, Robert Davis and Gerald S. Gutterman (collectively, the "Sequa Defendants" ).

2. In October 1998, I participated on behalf of the Sequa Defendants in mediation sessions with representatives of the Receiver of American Universal Insurance Company and Canadian Universal Insurance Company ( the "Receiver" ). Also participating in those mediation sessions were counsel to defendant Towers, Perrin, Forster & Crosby, Inc. as successor by merger to Tillinghast Nelson & Warren and Tillinghast & Company ("Tillinghast"). Throughout that mediation, Tillinghast's counsel, Daniel King, consistently maintained that, in

view of Tillinghast's claim for indemnity against Sequa and Chromalloy, Tillinghast would not contribute any amounts toward settlement.

3. In October 2001, Tillinghast's motion for summary judgment was granted and all claims against it in this litigation were dismissed. Shortly after the motion was granted, Tillinghast made demand on Sequa for reimbursement of its legal fees and expenses incurred in defending the claims made by the Receiver in this litigation. Sequa disputed Tillinghast's entitlement to indemnification, but we subsequently agreed with Tillinghast to put the dispute on hold pending final resolution of this lawsuit.

4. In March 2004, I again participated in a mediation session with the Receiver. At the end of a long day of negotiations, we finally reached tentative agreement on the settlement amount of $20 million dollars. I have a very clear and distinct recollection that at that point in the mediation I told the attorneys representing the Receiver, and the mediator Eric Green, that if the case were to be settled at that amount, it had to be a complete and final end of Sequa's involvement in the matter. Consistent with the instructions I had received from Sequa's senior management prior to the mediation, I made it clear that upon conclusion of the settlement, there could be no possibility that somehow Sequa could be dragged back into subsequent litigation proceedings. I recall that the Receiver's counsel agreed that that was the Receiver's intent of the settlement as well. We then discussed preparation of settlement documents and again I reiterated that the settlement papers had to be drafted to reflect the finality of the settlement.

Steven R. Lowson

Sworn to before me this
9th day of June, 2005

Priscilla Cappiello

PRISCILLA CAPPIELLO
Notary Public, State of New York
No. 03-4803134
Qualified in Bronx County
Certificate Filed in New York County
Commission Expires October 31, 2006