# SETTLEMENT AGREEMENT AND RELEASE

This Release and Settlement Agreement (the "Agreement") is effective as of the latest date indicated on the signature page hereof ("Effective Date"), by and between the following persons and entities, each referred to as a "Party" and collectively referred to as the "Parties":

(a) **Marilyn Shannon McConaghy,** individually and in her official capacity as the Director of the Department of Business Regulation for the State of Rhode Island, and in her capacity as Receiver of American Universal Insurance Company ("AUIC") and Canadian Universal Insurance Company ("CUIC"), and all of McConaghy's predecessors and successors in either capacity (the "Receiver");.

(b) The following persons and entities referred to as the "Sequa Parties":

(1) **Sequa Corporation,** and its successors, predecessors, subsidiaries, officers, directors, agents, employees, and assigns;

(2) **Chromalloy American Corporation,** and its successors, predecessors, subsidiaries, officers, directors, agents, employees, and assigns;

(3) **Norman E. Alexander;**

(4) **Robert E. Davis;** and

(5) **Gerald C. Gutterman.**

**WHEREAS**, AUIC And CUIC have been declared insolvent and placed in receivership under the supervision of the Rhode Island Superior Court (the "Receivership Court") in the actions captioned *Marilyn Shannon McConaghy, Director of the Department of Business Regulation of the State of Rhode Island v. American Universal Insurance Company, a Rhode*

*Island Domiciliary Insurance Company*, P.M. No. 90-8282 and *Marilyn Shannon McConaghy, Director of Business Regulation of the State of Rhode Island v. Canadian Universal Insurance Company, a Rhode Island Domiciliary Insurance Company*, P.M. No. 91-0949; and

**WHEREAS**, the Receiver and the Sequa Parties are parties to three pending civil actions styled *McConaghy v. Sequa Corporation, et al.*, United States District Court for the District of Rhode Island, C.A. No. 92-0512L; *Sequa Corporation, et al. v. Resolute Holdings, Inc. et al.*, United States Bankruptcy Court for the Southern District of New York, Index No. 1756/89; and *Barry G. Hittner, Receiver of American Universal Insurance Company, et al. v. Sequa Corporation, et al.*, Providence County Superior Court for the State of Rhode Island, C.A. No. 91-6484 (the "Litigation"); and

**WHEREAS** the Parties wish to settle and resolve the Litigation and all claims and potential claims that they have against each other;

**NOW THEREFORE**, in consideration of the mutual representations and promises contained herein and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

1. **Payment:** The Sequa Parties shall pay the Receiver cash in the amount of Twenty Million Dollars ($20,000,000.00) within ten (10) business days of the entry of the Settlement Approval Order described in paragraph 4 below. The cash shall be transferred in a form and manner as instructed by the Receiver.

2. **Release:** (a) Upon full payment made to the Receiver pursuant to paragraph 1 above: (i) the Receiver, her successors, deputies, agents, servants, employees, predecessors and

assigns, hereby releases, acquits and forever discharges the Sequa Parties, their heirs, successors, subsidiaries, officers, partners, directors, agents, servants, employees, predecessors and assigns, from any and all liabilities, claims, actions, causes of action, debts, obligations, fees, costs, expenses and demands whatsoever, whether known or unknown, anticipated or unanticipated, which the Receiver, AUIC and CUIC might now have or ever has had against the Sequa Parties , or any of them that exist as of the Effective Date of this Agreement; ; and (ii) the Sequa Parties, their heirs, successors, subsidiaries, officers, directors, agents, servants, employees, predecessors and assigns, hereby release, acquit and forever discharge the Receiver and her predecessors and successors, individually and in their official capacity, and their respective heirs, deputies, employees, agents, servants, and assigns, as well as AUIC and CUIC and their subsidiaries and affiliates, the State of Rhode Island and the Department of Business Regulation for the State of Rhode Island and their employees, agents, servants and assigns, from any and all liabilities, claims, actions, causes of action, debts, obligations, fees, costs, expenses and demands whatsoever, whether known or unknown, anticipated or unanticipated, which the Sequa Parties, might now have or ever has had against AUIC, CUIC, the Receiver, the State of Rhode Island or the Department of Business Regulation for the State of Rhode Island, or any of them that exist as of the Effective Date of this Agreement.

(b) The Releases given in the preceding sub-paragraph do not apply to any claims for breach of any contractual obligations arising from this Agreement.

(c) The Receiver gives the Release given in Paragraph 2(a) pursuant to R.I. Gen. Laws § 27-1-16.2. When effective, Paragraph 2(a) is intended to release only the persons or

entities specifically identified therein. It is not intended to discharge any of the claims any of the Parties to this Agreement have or will have against any other person or entity not a party to this Agreement .

3. **Dismissal:** Upon entry of the Settlement Approval Order by the Receivership Courts as required below, and within five (5) business days after full payment to the Receiver pursuant to Paragraph 1 above, the Parties shall execute and file with the appropriate courts, the documents attached as Exhibits A, B and C in order to effectuate dismissal of each civil action of the Litigation with prejudice.

4. **Receivership Court Approval:** This Agreement is contingent upon the approval of the Receivership Court. Any and all understandings and agreements between the Parties will be null and void in the absence of such approval. Within _______days of the Date on which all Parties have signed this Agreement, the Receiver shall file a Petition for Instructions in the Receivership Court seeking approval of the Agreement. Upon such approval, the Receiver's counsel shall fax and mail a copy of the Receivership Court's order approving this Agreement (the "Settlement Approval Order") to counsel for the Sequa Parties.

If requested to do so by the Receiver or her counsel, counsel for the Sequa Parties shall appear in the Receivership Court, at their clients' expense, and support the request for approval of this Agreement.

If the Receivership Court refuses or otherwise fails to approve this Agreement and enter a Settlement Approval Order, any Party may appeal such ruling. This Agreement shall be null and void if either: (a) any Receivership Court order refusing or otherwise failing to approve this

Agreement and enter a Settlement Approval Order is not appealed; or (b) an order refusing or otherwise failing to approve this Agreement is affirmed after any and all appeals are concluded.

5. **Press Releases:** The Parties agree that no press releases shall be issued by them discussing the terms of this Agreement. The Parties agree, however, that none of them shall be precluded from responding to any inquiries initiated by the press or from making any necessary public filings regarding the Agreement.

6. **Representations and Warranties:** The Receiver and the Sequa Parties represent and warrant that they: (a) are the exclusive legal owners of the claims encompassed by this Agreement and have not assigned, transferred or sold such claims to anyone else; (b) have standing to assert such claims; and (c) are not aware of any other persons or entities who are authorized to assert or have standing to assert the claims encompassed by this Agreement. The Receiver and the Sequa Parties further represent and warrant that no promise, representation, conduct or consideration by them or any person acting on their behalf, has induced the execution of this Agreement except those representations and considerations which are specifically set forth in this Agreement.

7. **Authority:** Subject to the approval of this Agreement by the Receivership Court, the Parties represent that they have read this Agreement, intend to be bound by its terms and have the full lawful right, power, authority and legal capacity without joinder of any other party to execute this Agreement through the persons who signatures are subscribed below, and to consummate the undertakings specified herein.

8. **Joint Preparation:** This Agreement has been jointly prepared and therefore, the authorship hereof shall not effect the construction hereof.

9. **Representation by Counsel:** In connection with the negotiation and execution of this Settlement Agreement, the Parties have had the benefit of representation by independent legal counsel and other professionals of their own choosing.

10. **Scope of Agreement:** This Agreement inures to the benefit of and is binding on the Parties and their respective predecessors, successors, heirs, personal administrators and assigns.

11. **Amendment:** The terms and provisions of this Agreement may not be changed in any manner unless done in a writing signed by the Parties.

12. **Governing Law:** This Agreement shall be governed by, construed, interpreted and enforced in accordance with the laws of the State of Rhode Island. Any claim arising out of a breach of this Agreement shall be brought in the Providence County Superior Court for the State of Rhode Island.

13. **Entire Agreement:** This Agreement sets forth the entire understanding of the Parties with respect to its subject matter, and supersedes all prior agreements and understandings relating to any similar subject matter.

14. **Counterparts:** This Agreement may be signed in counterparts by facsimile which, taken together, will constitute one agreement.

**ACCEPTED and AGREED by the following parties on the dates indicated:**

Date: ______________________

**MARILYN SHANNON McCONAGHY,** in her official capacity as Director of the Department of Business Regulation for the State of Rhode Island, and in her capacity as Receiver of American Universal Insurance Company and Canadian Universal Insurance Company, and all of McConaghy's predecessors and successors in either capacity.

**SEQUA CORPORATION,** its successors, predecessors, subsidiaries, officers, directors, agents, employees, and assigns

By: ______________________________ Date: ______________________________
Their authorized representative

**CHROMALLOY AMERICAN CORPORATION,** its successors, predecessors, subsidiaries, officers, directors, agents, employees, and assigns

By: ______________________________ Date: ______________________________
Their authorized representative

Date: ______________________________

**NORMAN E. ALEXANDER**

Date: ______________________________

**ROBERT E. DAVIS**

Date: ______________________________

**GERALD C. GUTTERMAN**