## Medeiros, Matthew

**From:** Medeiros, Matthew

**Sent:** Tuesday, May 18, 2004 3:36 PM

**To:** Cynthia Hyndman (chyndman@robinsoncurley.com)

**Cc:** Steve Lowson (steven_lowson@sequa.com); 'Hashmall, David M'

**Subject:** AUIC litigation

Cindy,
Attached are:
a) your Settlement Agreement and Release as modified by our side; and
b) a new Exhibit D to the Agreement
It is our understanding that Melissa was going to circulate drafts of Exhibits A through C, which are the forms of dismissal of the three lawsuits, but they have not arrived yet.
Please get back to me or David after you have had an opportunity to review the attachments.
Thanks. Matt

## SETTLEMENT AGREEMENT AND RELEASE

This Release and Settlement Agreement (the "Agreement") is effective as of the latest date indicated on the signature page hereof ("Effective Date"), by and between the following persons and entities, each referred to as a "Party" and collectively referred to as the "Parties":

(a) **Marilyn Shannon McConaghy** (hereinafter "McConaghy");

(b) The following persons and entities referred to as the "Sequa Parties":

(1) **Sequa Corporation;**

(2) **Chromalloy American Corporation**;

(3) **Norman E. Alexander;**

(4) **Robert E. Davis;** and

(5) **Gerald S. Gutterman**.

**WHEREAS**, American Universal Insurance Company ("AUIC") and Canadian Universal Insurance Company ("CUIC") have been declared insolvent and placed in receivership under the supervision of the Rhode Island Superior Court (the "Receivership Court") in the actions captioned *Marilyn Shannon McConaghy, Director of Business Regulation of the State of Rhode Island v. American Universal Insurance Company, a Rhode Island Domiciliary Insurance Company*, P.M. No. 90-8282 and *Marilyn Shannon McConaghy, Director of Business Regulation of the State of Rhode Island v. Canadian Universal Insurance Company, a Rhode Island Domiciliary Insurance Company*, P.M. No. 91-0949; and

**WHEREAS,** McConaghy and the Sequa Parties are parties to three pending civil actions styled *McConaghy v. Sequa Corporation, et al.*, United States District Court for the District of Rhode Island, C.A. No. 92-0512L; *Sequa Corporation, et al. v. Resolute Holdings, Inc. et al.*, United States Bankruptcy Court for the Southern District of New York, Index No. 1756/89; and

*Barry G. Hittner, Receiver of American Universal Insurance Company, et al. v. Sequa Corporation, et al.*, Providence County Superior Court for the State of Rhode Island, C.A. No. 91-6484 (the "Litigation"); and

**WHEREAS,** the Parties wish to settle and resolve the Litigation and all claims and potential claims that they have against each other;

**NOW THEREFORE,** in consideration of the mutual representations and promises contained herein and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

1. **Definitions:**

A. "McConaghy Release Parties" means Marilyn Shannon McConaghy, individually and in her capacity as Director of the Department of Business Regulation for the State of Rhode Island, and in her capacity as Receiver of AUIC and CUIC and all of McConaghy's predecessors and successors in those capacities and all of McConaghy's present and former deputies, agents, servants, employees, insurers and assigns in all of those capacities, and the State of Rhode Island, and AUIC and CUIC and their present and former subsidiaries, affiliates, predecessors, successors, assigns, officers, directors, agents, servants, partners and employees.

B. "Sequa Release Parties" means Sequa Corporation and Chromalloy American Corporation and all of their present and former subsidiaries, affiliates, predecessors, successors, assigns, officers, directors, agents, servants, partners and employees and Norman E. Alexander, Robert E. Davis and Gerald S. Gutterman and all of their present and former heirs, agents, servants and assigns.

2. **Payment:** The Sequa Parties shall pay McConaghy cash in the amount of Twenty Million Dollars ($20,000,000.00) within twenty (20) business days after (1) the date when the Settlement Approval Order referred to in paragraph 5 has become final and unappealable or (2) the date when any and all appeals from entry of the Settlement Approval Order has been denied, whichever is later. The cash shall be transferred in a form and manner as instructed by McConaghy. McConaghy warrants and represents that the Payment will be deposited into the AUIC and CUIC receivership estates.

3. **Release:** (a) Upon full payment made to McConaghy pursuant to paragraph 2 above: (i) the McConaghy Release Parties hereby release, acquit and forever discharge the Sequa Release Parties from any and all liabilities, claims, actions, causes of action, debts, obligations, fees, costs, expenses and demands whatsoever, whether known or unknown, anticipated or unanticipated, which the McConaghy Release Parties might now have, ever have had, or may have or claim to have in the future against the Sequa Release Parties, or any of them, up through and including the Effective Date of this Agreement; and (ii) subject to subparagraph (c), the Sequa Release Parties hereby release, acquit and forever discharge the McConaghy Release Parties from any and all liabilities, claims, actions, causes of action, debts, obligations, fees, costs, expenses and demands whatsoever, whether known or unknown, anticipated or unanticipated, which the Sequa Release Parties, might now have, ever have had or may have or claim to have in the future against the McConaghy Release Parties, or any of them, up through and including the Effective Date of this Agreement.

(b) The Releases given in the preceding sub-paragraph do not apply to any claims for breach of contractual obligations arising from this Agreement.

(c) The McConaghy Release Parties give the Release in paragraph 3(a) pursuant to R.I. Gen. Laws § 27-1-16.2. When effective, Paragraph 3(a) is intended to release only the McConaghy Release Parties and the Sequa Release Parties. It is not intended to discharge any of the claims any of the Parties to this Agreement have or may have against any other person or entity. The McConaghy Release Parties agree to indemnify the Sequa Release Parties for all claims (including court costs and attorneys fees) that are asserted by any Insolvency Fund or by Wayne Reeder or by Charles Christopher against any of the Sequa Release Parties arising out of or relating in any way to AUIC or CUIC.

(d) MCCONAGHY EXPRESSLY WAIVES, DISCLAIMS AND AGREES NEVER TO ASSERT THAT SHE IS ENTERING INTO THIS AGREEMENT IN ANY LIMITED CAPACITY WHATSOEVER.

4. **Dismissal:** Upon receipt of notice of entry of the Settlement Approval Order by the Receivership Courts as required below, the Sequa Parties shall make the full payment to McConaghy pursuant to Paragraph 2 above, and simultaneously therewith the Parties shall execute and file with the appropriate courts, the documents attached as Exhibits A, B and C in order to effectuate dismissal of each civil action of the Litigation with prejudice.

5. **Receivership Court Approval:** This Agreement is contingent upon the approval of the Receivership Court. Any and all understandings and agreements between the Parties will be null and void in the absence of such approval. Within _____ days of the Date on which all Parties have signed this Agreement, McConaghy shall file a Petition for Instructions in the Receivership Court seeking approval of the Agreement. Upon such approval, McConaghy's counsel shall fax and mail a copy of the Receivership Court's order approving this Agreement (the "Settlement Approval Order") to counsel for the Sequa Parties.

If requested to do so by McConaghy or her counsel, counsel for the Sequa Parties shall appear in the Receivership Court, at their clients' expense, and support the request for approval of this Agreement.

If the Receivership Court refuses or otherwise fails to approve this Agreement and enter a Settlement Approval Order, any Party may appeal such ruling. This Agreement shall be null and void if either: (a) any Receivership Court order refusing or otherwise failing to approve this Agreement and enter a Settlement Approval Order is not appealed; or (b) an order refusing or otherwise failing to approve this Agreement is affirmed after any and all appeals are concluded; or (c) the United States District Court for the District of Rhode Island refuses to stay further proceedings in C.A. No. 92-0512L pending appeal of the Receivership Court order.

6. **Press Releases:** The Parties agree that no press releases shall be issued by them discussing the fact that the Parties have reached a settlement or the terms of this Agreement. The Parties agree that none of them shall be precluded from making any necessary public filings regarding the Agreement. The parties further agree that in response to all other inquiries, whether initiated by the press or otherwise, their sole response will be to provide a copy of the statement that is appended as Exhibit D.

7. **Representations and Warranties:** The McConaghy Release Parties and the Sequa Release Parties represent and warrant that they: (a) are the exclusive legal owners of the claims encompassed by this Agreement and have not assigned, transferred or sold such claims to anyone else; (b) have standing to assert such claims; and (c) are not aware of any other persons or entities who are authorized to assert or have standing to assert the claims encompassed by this Agreement. The McConaghy Release Parties and the Sequa Release Parties further represent and warrant that no promise, representation, conduct or consideration by them or any person

acting on their behalf, has induced the execution of this Agreement except those representations and considerations which are specifically set forth in this Agreement.

8. **Authority:** The Parties represent that they have read this Agreement, intend to be bound by its terms and subject to the approval of this Agreement by the Receivership Court, have the full lawful right, power, authority and legal capacity without joinder of any other party to execute this Agreement through the persons who signatures are subscribed below, and to consummate the undertakings specified herein.

9. **Joint Preparation:** This Agreement has been jointly prepared and therefore, the authorship hereof shall not affect the construction hereof.

10. **Representation by Counsel:** In connection with the negotiation and execution of this Agreement, the Parties have had the benefit of representation by independent legal counsel and other professionals of their own choosing.

11. **Scope of Agreement:** This Agreement inures to the benefit of and is binding on the Parties and their respective predecessors, successors, heirs, personal administrators and assigns.

12. **Preservation of Sequa's Rights as Assignee**: Sequa Corporation retains all of its rights as assignee of RHI Holdings, Inc. and Hill Top Developers, Inc. under a Compromise Settlement Agreement and Mutual Releases agreement entered into in August 1999 with the Trustee of RHI and Hill Top and approved by Order of the United States Bankruptcy Court for the Southern District of Texas dated October 29, 1999. Nothing contained in this Agreement shall be deemed or interpreted to impair those rights in any manner.

13. **No Admission of Liability:** This Agreement represents the compromise of potential, doubtful and disputed claims. The consideration paid herein is not and shall not be

construed to be an admission of liability or fault on the part of any of the Parties, but rather is paid and received to settle disputed claims, and the Parties and each of them expressly deny any liability or wrongdoing of any kind with respect to other parties.

14. **Indemnification for Breach:** McConaghy and the Sequa Parties agree to indemnify and hold harmless one another from and against any and all actions, causes of action, suits, claims, demands, obligations, damages and liabilities, of any nature whatsoever, including court costs and attorneys' fees, arising from, or in connection with, any action or proceeding, brought by or prosecuted by, or for the benefit of, or on the initiative of, any of them, or by any of their successors or assigns, contrary to the provisions of this Agreement. It is further agreed that this agreement of indemnity shall be deemed breached and a cause of action accrued thereon immediately upon the commencement of any action contrary to this Agreement, and may be pleaded by either of them as a defense or either of them may assert this Agreement by way of counterclaim or cross-claim in any such action.

15. **Amendment:** The terms and provisions of this Agreement may not be changed in any manner unless done in a writing signed by the Parties.

16. **Governing Law:** This Agreement shall be governed by, construed, interpreted and enforced in accordance with the laws of the State of Rhode Island. Any claim arising out of a breach of this Agreement shall be brought in the Providence County Superior Court for the State of Rhode Island or the United States District Court for the District of Rhode Island.

17. **Entire Agreement:** This Agreement sets forth the entire understanding of the Parties with respect to its subject matter, and supersedes all prior agreements and understandings relating to any similar subject matter.

18. **Cooperation:** The Parties agree to cooperate fully in executing any and all supplemental documents and taking all additional actions that may be necessary or appropriate to give full force and effect to the basic terms and intent of this Agreement.

19. **Notice:** Notice for any purpose under this Agreement shall be accomplished by both First Class Mail and facsimile transmission as follows:

| | |
|---|---|
| To McConaghy: | Melissa M. Horne, Esq.<br>Winograd, Shine & Zacks, P.C.<br>123 Dyer Street<br>Providence, RI 02903 |
| To Sequa Corporation | Steven R. Lowson, Esq.<br>Vice President and<br>Senior Associate General Counsel<br>Sequa Corporation<br>200 Park Avenue<br>New York, NY 10166<br><br>and<br><br>Matthew F. Medeiros, Esq.<br>Little, Medeiros, Kinder, Bulman<br>& Whitney, P.C.<br>72 Pine Street<br>Providence, RI 02903 |
| To Gerald S. Gutterman,<br>Norman E. Alexander,<br>Robert E. Davis | David M. Hashmall, Esq.<br>Goodwin Procter LLP<br>599 Lexington Avenue<br>New York, NY 10022 |

20. **Counterparts:** This Agreement may be signed in counterparts by facsimile which, taken together, will constitute one agreement.

**ACCEPTED and AGREED by the following parties on the dates indicated:**

**MARILYN SHANNON McCONAGHY,** in her
Capacity as Director of the Department of
Business Regulation for the State of Rhode Island and

______________________________ Date:______________________

**MARILYN SHANNON McCONAGHY** in her capacity
as Receiver of American Universal Insurance Company
and Canadian Universal Insurance Company

______________________________ Date:______________________

**SEQUA CORPORATION**, its successors, predecessors,
Subsidiaries, officers, directors, agents, employees, and
Assigns

By: ______________________________ Date:______________________
Their authorized representative

**CHROMALLOY AMERICAN CORPORATION,**
its successors, predecessors, subsidiaries, officers,
directors, agents, employees, and assigns

By: ______________________________ Date:______________________
Their authorized representative

______________________________
**NORMAN E. ALEXANDER** Date:______________________

______________________________
**ROBERT E. DAVIS** Date:______________________

______________________________
**GERALD S. GUTTERMAN** Date:______________________

**Exhibit D**

Joint Statement of the Rhode Island Department of Business Regulation and Sequa Corporation

The Rhode Island Department of Business Regulation and Sequa Corporation are pleased to announce that all disputes between them have been settled, putting an end to 12 years of complex and contentious litigation. The settlement has been approved by the Rhode island Superior Court as fair and reasonable. The parties have agreed to issue this Statement in lieu of any other comment on the underlying disputes, the litigation or the settlement.