LAW OFFICES
ROBINSON CURLEY & CLAYTON, P.C.
SUITE 1700
300 SOUTH WACKER DRIVE
CHICAGO, ILLINOIS 60606

TELEPHONE (312) 663-3100
FACSIMILE (312) 663-0303

ELLEN G. ROBINSON
C. PHILIP CURLEY
FAY CLAYTON
ALAN F. CURLEY
CYNTHIA H. HYNDMAN
JOHN H. WICKERT
SUSAN VALENTINE
ALAN R. DOLINKO
ROBERT S. MICHAELS

CARL T. BERGETZ
JOHN D. CUMMINS, JR.
ELIZABETH J. HUBERTZ
ANGEL M. KRULL
ROBERT L. MARGOLIS
DARLENE M. OLIVER
ELYSSA BALINGIT WINSLOW

May 28, 2004

***VIA FACSIMILE & MAIL***

Matthew F. Medeiros, Esq.
Little, Medeiros, Kinder, Bulman & Whitney, P.C.
72 Pine Street
Providence, Rhode Island 02903

David M. Hashmall, Esq.
Goodwin Procter LLP
599 Lexington Avenue
New York, New York 10022

Re: ***McConaghy v. Sequa Corporation, et al.***

Dear Matt and David:

Attached please find a copy of a revised draft of the Settlement Agreement and Release. The following will explain the changes we made to the draft you forwarded to us on May 18, 2004.

1. In the new Definitions section, paragraph 1.A., we took out the terms "insurers" and "State of Rhode Island" from the definition of the McConaghy Release Parties. There are no insurers that would have claims against Sequa, so that term is unnecessary. The Director has no authority in any of her capacities to release any claims the State of Rhode Island may have against any of the Sequa Parties. That being said, we have asked the Sequa Parties to release the State of Rhode Island because we believe that your counterclaim in the District Court could fairly be read to constitute a claim against the State. *See* paragraph 3(a)(ii).

2. In paragraph 2 regarding Payment, we do not anticipate any interested party to appeal the Settlement Approval Order. Therefore, we would like to have the payment, be able to earn a little interest on it, and wait to see if any challenges are made.

3. Also in paragraph 2, we changed the language in the last sentence so that there will not be an issue in the event the Receivership Court determines that one of the estates should get the entire allocation of settlement proceeds.

4. In paragraph 3, the language "may have or claim to have in the future . . . up through and including the Effective Date" is unnecessarily confusing. Our original language is more straightforward and has the same effect.

5. In paragraph 3(c), we will not agree to indemnify the Sequa Parties under any circumstances.

6. In paragraph 3(d), we think the revised language is what you intended. Obviously, the Director is in fact entering into this agreement in some limited capacities.

7. In paragraph 4, your language was ambiguous as to when the dismissal would take place (*i.e.* simultaneously with the notice of entry of the Settlement Approval Order or simultaneously with the payment). We have revised the language to make the dismissal within a reasonable time after all appeals have run on the Settlement Approval Order.

8. In paragraph 5, we will not agree that the settlement will fail simply because the District Court will not stay proceedings for the period of the appeal of any Receivership Court order.

9. In paragraph 6, we will not agree to any joint statement. In addition, we added back the language allowing the parties to respond to press inquiries.

10. In paragraph 13, we deleted the terms "potential" and "doubtful." Our claims are neither potential nor doubtful.

11. We will not agree to an indemnification for breach of the settlement agreement and, therefore, deleted all of your paragraph 14.

12. Your paragraph 18 "Cooperation" is vague and we, therefore, deleted it.

13. We changed the signature lines for the Director back to our original. It does not make sense that she should sign the document twice. Moreover, not all provisions apply to her in her capacity as Director of the DBR.

We would like to get this process moving in a more expeditious manner. Please respond to this draft within seven business days from today, *i.e.*, close of business on June 9, 2004. If we cannot reach agreement on the terms with this latest exchange, we propose a face-to-face meeting with attorneys and representatives with authority to agree to final terms. If such a meeting does not prove successful, we would then propose seeking assistance either from Judge Lagueux or Eric Green.

Very truly yours,

Cynthia H. Hyndman

Attachment

**DRAFT** **5/27/2004 10:00 A.M.**

**SETTLEMENT AGREEMENT AND RELEASE**

This Release and Settlement Agreement (the "Agreement") is effective as of the latest date indicated on the signature page hereof ("Effective Date"), by and between the following persons and entities, each referred to as a "Party" and collectively referred to as the "Parties":

(a) **Marilyn Shannon McConaghy** (hereinafter "McConaghy");

(b) The following persons and entities referred to as the "Sequa Parties";

(1) **Sequa Corporation;**

(2) **Chromalloy American Corporation;**

(3) **Norman E. Alexander;**

(4) **Robert E. Davis**; and

(5) **Gerald S. Gutterman.**

**WHEREAS**, American Universal Insurance Company ("AUIC") and Canadian Universal Insurance Company ("CUIC") have been declared insolvent and placed in receivership under the supervision of the Rhode Island Superior Court (the "Receivership Court") in the actions captioned *Marilyn Shannon McConaghy, Director of Business Regulation of the State of Rhode Island v. American Universal Insurance Company, a Rhode Island Domiciliary Insurance Company*, P.M. No. 90-8282 and *Marilyn Shannon McConaghy, Director of Business Regulation of the State of Rhode Island v. Canadian Universal Insurance Company, a Rhode Island Domiciliary Insurance Company*, P.M. No. 91-0949; and

**WHEREAS**, McConaghy and the Sequa Parties are parties to three pending civil actions styled *McConaghy v. Sequa Corporation, et al.*, United States District Court for the District of Rhode Island, C.A. No. 92-0512L; *Sequa Corporation, et al. v. Resolute Holdings, Inc. et al.*,

United States Bankruptcy Court for the Southern District of New York, Index No. 1756/89; and *Barry G. Hittner, Receiver of American Universal Insurance Company, et al. v. Sequa Corporation, et al.*, Providence County Superior Court for the State of Rhode Island, C.A. No. 91-6484 (the "Litigation"); and

**WHEREAS**, the Parties wish to settle and resolve the Litigation and all claims and potential claims that they have against each other;

**NOW THEREFORE**, in consideration of the mutual representations and promises contained herein and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

1. **Definitions:**

A. "McConaghy Release Parties" means Marilyn Shannon McConaghy, individually and in her official capacity as Director of the Department of Business Regulation for the State of Rhode Island, and in her capacity as Receiver of AUIC and CUIC and all of McConaghy's predecessors and successors in those capacities and all of McConaghy's present and former deputies, agents, servants, employees, and assigns in all of those capacities, and AUIC and CUIC and their present and former subsidiaries, affiliates, predecessors, successors, assigns, officers, directors, agents, servants, partners and employees.

B. "Sequa Release Parties" means Sequa Corporation and Chromalloy American Corporation and all of their present and former subsidiaries, affiliates, predecessors, successors, assigns, officers, directors, agents, servants, partners and employees and Norman E. Alexander, Robert E. Davis and Gerald S. Gutterman and all of their present and former heirs, agents, servants and assigns.

2. **Payment**: The Sequa Parties shall pay McConaghy cash in the amount of Twenty Million Dollars ($20,000,000.00) within twenty (20) business days after the date when the Settlement Approval Order referred to in paragraph 5 has been entered. McConaghy shall hold the Payment in escrow until (1) the date when the Settlement Approval Order has become final and unappealable or (2) the date when any and all appeals from entry of the Settlement Approval Order has been denied, whichever is later. The cash shall be transferred in a form and manner as instructed by McConaghy. McConaghy warrants and represents that the Payment will be applied to and utilized by the AUIC and CUIC receivership estates in accordance with any and all orders entered in response to a Petition for Instructions filed with the Receivership Court.

3. **Release**: (a) Upon full payment made to McConaghy pursuant to paragraph 2 above: (i) the McConaghy Release Parties hereby release, acquit and forever discharge the Sequa Release Parties from any and all liabilities, claims, actions, causes of action, debts, obligations, fees, costs, expenses and demands whatsoever, whether known or unknown, anticipated or unanticipated, which the McConaghy Release Parties might now have, or ever have had, against the Sequa Release Parties, or any of them, up through and including the Effective Date of this Agreement; and (ii) the Sequa Release Parties hereby release, acquit and forever discharge the McConaghy Release Parties and the State of Rhode Island, from any and all liabilities, claims, actions, causes of action, debts, obligations, fees, costs, expenses and demands whatsoever, whether known or unknown, anticipated or unanticipated, which the Sequa Release Parties, might now have, or ever have had against the McConaghy Release Parties, the State of Rhode Island, or any of them, up through and including the Effective Date of this Agreement.

(b) The Releases given in the preceding sub-paragraph do not apply to any claims for breach of contractual obligations arising from this Agreement.

(c) The McConaghy Release Parties give the Release in paragraph 3(a) pursuant to R.I. Gen. Laws § 27-1-16.2. When effective, Paragraph 3(a) is intended to release only the McConaghy Release Parties and the Sequa Release Parties. It is not intended to discharge any of the claims any of the Parties to this Agreement have or may have against any other person or entity.

(d) MCCONAGHY EXPRESSLY WAIVES, DISCLAIMS AND AGREES NEVER TO ASSERT THAT SHE IS ENTERING INTO THIS AGREEMENT ONLY IN A LIMITED CAPACITY.

4. **Dismissal:** Within five (5) business days after the Payment to McConaghy is released from escrow pursuant to Paragraph 2 above, the Parties shall execute and file with the appropriate courts, the documents attached as Exhibits A, B and C in order to effectuate dismissal of each civil action of the Litigation with prejudice.

5. **Receivership Court Approval:** This Agreement is contingent upon the approval of the Receivership Court. Any and all understandings and agreements between the Parties will be null and void in the absence of such approval. Within ____ days of the Effective Date of this Agreement, McConaghy shall file a Petition for Instructions in the Receivership Court seeking approval of the Agreement. Upon such approval, McConaghy's counsel shall fax and mail a copy of the Receivership Court's order approving this Agreement (the "Settlement Approval Order") to counsel for the Sequa Parties.

If requested to do so by McConaghy or her counsel, counsel for the Sequa Parties shall appear in the Receivership Court, at their clients' expense, and support the request for approval of this Agreement.

If the Receivership Court refuses or otherwise fails to approve this Agreement and enter a Settlement Approval Order, any Party may appeal such ruling. This Agreement shall be null and void if either: (a) any Receivership Court order refusing or otherwise failing to approve this Agreement and enter a Settlement Approval Order is not appealed; or (b) an order refusing or otherwise failing to approve this Agreement is affirmed after any and all appeals are concluded.

6. **Press Releases:** The Parties agree that no press releases shall be issued by them discussing the fact that the Parties have reached a settlement or the terms of this Agreement. The Parties agree that none of them shall be precluded from responding to any inquiries initiated by the press or making any necessary public filings regarding the Agreement.

7. **Representations and Warranties:** The McConaghy Release Parties and the Sequa Release Parties represent and warrant that they: (a) are the exclusive legal owners of the claims encompassed by this Agreement and have not assigned, transferred or sold such claims to anyone else; (b) have standing to assert such claims; and (c) are not aware of any other persons or entities who are authorized to assert or have standing to assert the claims encompassed by this Agreement. The McConaghy Release Parties and the Sequa Release Parties further represent and warrant that no promise, representation, conduct or consideration by them or any person acting on their behalf, has induced the execution of this Agreement except those representations and considerations which are specifically set forth in this Agreement.

8. **Authority:** The Parties represent that they have read this Agreement, intend to be bound by its terms and subject to the approval of this Agreement by the Receivership Court,

have the full lawful right, power, authority and legal capacity without joinder of any other party to execute this Agreement through the persons who signatures are subscribed below, and to consummate the undertakings specified herein.

9. **Joint Preparation:** This Agreement has been jointly prepared and therefore, the authorship hereof shall not affect the construction hereof.

10. **Representation by Counsel:** In connection with the negotiation and execution of this Agreement, the Parties have had the benefit of representation by independent legal counsel and other professionals of their own choosing.

11. **Scope of Agreement:** This Agreement inures to the benefit of and is binding on the Parties and their respective predecessors, successors, heirs, personal administrators and assigns.

12. **Preservation of Sequa's Rights as Assignee:** Sequa Corporation retains all of its rights as assignee of RHI Holdings, Inc. and Hill Top Developers, Inc. under a Compromise Settlement Agreement and Mutual Releases agreement entered into in August 1999 with the Trustee of RHI and Hill Top and approved by Order of the United States Bankruptcy Court for the Southern District of Texas dated October 29, 1999. Nothing contained in this Agreement shall be deemed or interpreted to impair those rights in any manner.

13. **No Admission of Liability:** This Agreement represents the compromise of disputed claims. The consideration paid herein is not and shall not be construed to be an admission of liability or fault on the part of any of the Parties, but rather is paid and received to settle disputed claims, and the Parties and each of them expressly deny any liability or wrongdoing of any kind with respect to other parties.

14. **Amendment:** The terms and provisions of this Agreement may not be changed in any manner unless done in a writing signed by the Parties.

15. **Governing Law:** This Agreement shall be governed by, construed, interpreted and enforced in accordance with the laws of the State of Rhode Island. Any claim arising out of a breach of this Agreement shall be brought in the Providence County Superior Court for the State of Rhode Island or the United States District Court for the District of Rhode Island.

16. **Entire Agreement:** This Agreement sets forth the entire understanding of the Parties with respect to its subject matter, and supersedes all prior agreements and understandings relating to any similar subject matter.

17. **Notice:** Notice for any purpose under this Agreement shall be accomplished by both First Class Mail and facsimile transmission as follows:

To McConaghy:

Melissa M. Home, Esq.
Winograd, Shine & Zacks, P .C.
123 Dyer Street
Providence, RI 02903

To Sequa Corporation

Steven R. Lowson, Esq.
Vice President and
Senior Associate General Counsel
Sequa Corporation
200 Park Avenue
New York, NY 10166

and

Matthew F. Medeiros, Esq.
Little, Medeiros, Kinder, Bulman & Whitney, P.C.
72 Pine Street
Providence, RI 02903

To Gerald S. Gutterman,
Norman E. Alexander,
Robert E. Davis

David M. Hashmall, Esq.
Goodwin Procter LLP
599 Lexington Avenue
New York, NY 10022

18. **Counterparts:** This Agreement may be signed in counterparts by facsimile which, taken together, will constitute one agreement.

**ACCEPTED and AGREED by the following parties on the dates indicated:**

**MARILYN SHANNON McCONAGHY**, individually,
and in her official capacity as Director of the Department of
Business Regulation for the State of Rhode Island and
in her capacity as Receiver of American Universal Insurance
Company and Canadian Universal Insurance Company, and all
of McConaghy's predecessors and successors in either capacity.

____________________________ Date:____________________

**SEQUA CORPORATION**, its successors, predecessors,
Subsidiaries, officers, directors, agents, employees,
and Assigns

By: ________________________ Date:____________________
Their authorized representative

**CHROMALLOY AMERICAN CORPORATION,**
its successors, predecessors, subsidiaries, officers,
directors, agents, employees, and assigns

By: ______________________________ Date:__________________________
Their authorized representative

______________________________ Date:__________________________
**NORMAN E. ALEXANDER**

______________________________ Date:__________________________
**ROBERT E. DAVIS**

______________________________ Date:__________________________
**GERALD S. GUTTERMAN**