## Medeiros, Matthew

**From:** Cindy Hyndman [chyndman@robinsoncurley.com]
**Sent:** Tuesday, July 27, 2004 4:47 PM
**To:** Matt Medeiros (E-mail); David Hashmall (E-mail)
**Cc:** Jack Partridge (E-mail); Ellen Robinson; Melissa Horne (E-mail)
**Subject:** Revised Settlement Agreement

**compare** **Settlement**
**lement agreement;reement 5-26-04.w**

Matt and David:

Attached is a revised version of the Settlement Agreement (along with a redlined version) pursuant to my discussion with Matt last week.

1. We have agreed to use AIG's language in paragraph 2 relating to the payment of interest. The only language we added is that the escrow account be at an FDIC insured institution.

2. We revised the language in paragraph 4 to reflect simultaneous payment and filing of dismissals.

3. In paragraph 6, we put back in the phrase "the fact that the Parties have reached a settlement," which was inadvertently taken out of the last draft.

4. With respect to the issue of statements regarding the amount of settlement, we have revised the language to state that the Director will state in response to press inquiries that the complete agreement of the parties is reflected in the Settlement Agreement that has been filed with the Court.

Please let me know if these changes are acceptable.

Thanks,
Cindy

CONFIDENTIALITY NOTICE

The information contained in this e-mail message and in any accompanying documents
constitutes confidential information which belongs to Robinson Curley & Clayton, P.C.
and may contain attorney work product or information protected by the attorney-client
privilege or other privileges. This information is intended only for the use of the individual or entity to whom it is directed. If you are not the intended recipient of this information, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on this information is strictly prohibited. If you have received this e-mail message in error, please immediately notify us by telephone at (312) 663-3100 to arrange for its return to us. Thank you.

WordPerfect Document Compare Summary

Original document: O:\Auic\Revised settlement agreement.wpd
Revised document: O:\AUIC\Settlement Agreement 5-26-04.wpd
Deletions are shown with the following attributes and color:
~~Strikeout~~, Blue RGB(0,0,255).
Deleted text is shown as full text.
Insertions are shown with the following attributes and color:
Double Underline, Redline, Red RGB(255,0,0).

The document was marked with 25 Deletions, 42 Insertions, 0 Moves.

## SETTLEMENT AGREEMENT AND RELEASE

This ~~Release and~~ Settlement Agreement and Release (the "Agreement") is effective as of the latest date indicated on the signature page hereof ("Effective Date"), by and between the following persons and entities, each referred to as a "Party" and collectively referred to as the "Parties":

(a) **Marilyn Shannon McConaghy** (hereinafter "McConaghy");

(b) The following persons and entities referred to as the "Sequa Parties";

(1) **Sequa Corporation**;

(2) **Chromalloy American Corporation**;

(3) **Norman E. Alexander**;

(4) **Robert E. Davis**; and

(5) **Gerald S. Gutterman**.

**WHEREAS**, American Universal Insurance Company ("AUIC") and Canadian Universal Insurance Company ("CUIC") have been declared insolvent and placed in receivership under the supervision of the Rhode Island Superior Court (the "Receivership Court") in the actions captioned *Marilyn Shannon McConaghy, Director of Business Regulation of the State of Rhode Island v. American Universal Insurance Company, a Rhode Island Domiciliary Insurance Company*, P.M. No. 90-8282 and *Marilyn Shannon McConaghy, Director of Business Regulation of the State of Rhode Island v. Canadian Universal Insurance Company, a Rhode Island Domiciliary Insurance Company*, P.M. No. 91-0949; and

**WHEREAS**, McConaghy and the Sequa Parties are parties to three pending civil actions styled *McConaghy v. Sequa Corporation, et al.*, United States District Court for the District of

Rhode Island, C.A. No. 92-0512L; *Sequa Corporation, et al. v. Resolute Holdings, Inc. et al.*, United States Bankruptcy Court for the Southern District of New York, Index No. 1756/89; and *Barry G. Hittner, Receiver of American Universal Insurance Company, et al. v. Sequa Corporation, et al.*, Providence County Superior Court for the State of Rhode Island, C.A. No. 91-6484 (the "Litigation"); and

**WHEREAS**, the Parties wish to settle and resolve the Litigation and all claims and potential claims that they have against each other;

**NOW THEREFORE**, in consideration of the mutual representations and promises contained herein and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

1. **Definitions:**

A. "McConaghy Release Parties" means Marilyn Shannon McConaghy, individually and in her ~~official~~ capacity as Director of the Department of Business Regulation for the State of Rhode Island, and in her capacity as Receiver of AUIC and CUIC and all of McConaghy's predecessors and successors in those capacities and all of McConaghy's present and former deputies, agents, servants, employees, insurers and assigns in all of those capacities, and AUIC and CUIC and their present and former subsidiaries, affiliates, predecessors, successors, assigns, officers, directors, agents, servants, partners and employees.

B. "Sequa Release Parties" means Sequa Corporation and Chromalloy American Corporation and all of their present and former subsidiaries, affiliates, predecessors, successors, assigns, officers, directors, agents, servants, partners and employees and Norman E. Alexander,

Robert E. Davis and Gerald S. Gutterman and all of their present and former heirs, agents, servants and assigns.

2. **Payment:** The Sequa Parties shall ~~pay McConaghy cash in~~cause the amount of Twenty Million Dollars ($20,000,000.00) ~~w~~(the "Cash Payment") to be placed into an interest bearing account at an institution insured by the Federal Deposit Insurance Corporation on the date of entry of the Settlement Approval Order. Within twenty (20) business days after (1) the date when the Settlement Approval Order referred to in paragraph 5 ~~has been entered. McConaghy shall hold the Payment in escrow until (1) the date when the Settlement Approval Order~~ has become final and unappealable or (2) the date when any and all appeals from the entry of the Settlement Approval Order ha~~s~~ve been denied, whichever is later, the Sequa Parties shall pay to McConaghy the Cash Payment plus any interest earned on the Cash Payment while in the escrow account. The cash shall be transferred in a form and manner as instructed by McConaghy. McConaghy warrants and represents that the Payment will be applied to and utilized by the AUIC and CUIC receivership estates in accordance with any and all orders entered in response to a Petition for Instructions filed with the Receivership Court.

3. **Release:** (a) Upon full payment made to McConaghy pursuant to paragraph 2 above: (i) the McConaghy Release Parties hereby release, acquit and forever discharge the Sequa Release Parties from any and all liabilities, claims, actions, causes of action, debts, obligations, fees, costs, expenses and demands whatsoever, whether known or unknown, anticipated or unanticipated, which the McConaghy Release Parties might now have, ~~or~~ ever have had, or may have or claim to have in the future against the Sequa Release Parties, or any of them, up through and including the Effective Date of this Agreement; and (ii) subject to subparagraph (c), the

Sequa Release Parties hereby release, acquit and forever discharge the McConaghy Release Parties ~~and the State of Rhode Island,~~ from any and all liabilities, claims, actions, causes of action, debts, obligations, fees, costs, expenses and demands whatsoever, whether known or unknown, anticipated or unanticipated, which the Sequa Release Parties~~,~~ might now have, ~~or~~ ever have had, or may have or claim to have in the future against the McConaghy Release Parties, or any of them, up through and including the Effective Date of this Agreement.

(b) The Releases given in the preceding sub-paragraph do not apply to any claims for breach of contractual obligations arising from this Agreement.

(c) The McConaghy Release Parties and the Sequa Release Parties give the Release in paragraph 3(a) pursuant to R.I. Gen. Laws § 27-1-16.2. When effective, Paragraph 3(a) is intended to release only the McConaghy Release Parties and the Sequa Release Parties. It is not intended to discharge any of the claims any of the Parties to this Agreement have or may have against any other person or entity. The receivership estates of AUIC and CUIC agree to indemnify the Sequa Release Parties for all claims (including court costs and attorneys fees) that are asserted by any Insolvency Fund against any of the Sequa Release Parties arising out of or relating in any way to AUIC or CUIC.

(d) MCCONAGHY EXPRESSLY WAIVES, DISCLAIMS AND AGREES NEVER TO ASSERT THAT SHE IS ENTERING INTO THIS AGREEMENT ~~ONLY~~ IN ANY LIMITED CAPACITY WHATSOEVER.

4. **Dismissal:** ~~Within five (5) business days after the Payment to McConaghy is released from escrow pursuant to~~ At the same time that the Payment set forth in Paragraph 2

above is made to McConaghy, the Parties shall execute and file with the appropriate courts, the documents attached as Exhibits A, B and C in order to effectuate dismissal of each civil action of the Litigation with prejudice.

5. **Receivership Court Approval:** This Agreement is contingent upon the approval of the Receivership Court. Any and all understandings and agreements between the Parties will be null and void in the absence of such approval. Within ——ten (10) business days of the Effective Date of this Agreement, McConaghy shall file a Petition for Instructions in the Receivership Court seeking approval of the Agreement. Upon such approval, McConaghy's counsel shall fax and mail a copy of the Receivership Court's order approving this Agreement (the "Settlement Approval Order") to counsel for the Sequa Parties.

If requested to do so by McConaghy or her counsel, counsel for the Sequa Parties shall appear in the Receivership Court, at their clients' expense, and support the request for approval of this Agreement.

If the Receivership Court refuses or otherwise fails to approve this Agreement and enter a Settlement Approval Order, any Party may appeal such ruling. This Agreement shall be null and void if either: (a) any Receivership Court order refusing or otherwise failing to approve this Agreement and enter a Settlement Approval Order is not appealed; ~~or~~ (b) an order refusing or otherwise failing to approve this Agreement is affirmed after any and all appeals are concluded; or (c) the United States District Court for the District of Rhode Island refuses to stay further proceedings in C.A. No. 92-0512L pending appeal of the Receivership Court order.

6. **Press Releases:** The Parties agree that no press releases shall be issued by them discussing the fact that the Parties have reached a settlement or the terms of this Agreement. The

Parties agree that none of them shall be precluded from making any necessary public filings regarding the Agreement. The parties also agree that McConaghy shall be the only person authorized to respond as Director of the Department of Business Regulation or Receiver of AUIC and CUIC to inquiries initiated by the press. The parties further agree that in any such response: (1) McConaghy will state that the complete agreement of the parties is reflected in the Settlement Agreement filed or to be filed in the Receivership Court; and (2) McConaghy will affirmatively state in any such response that the Sequa Parties have expressly denied any liability or wrongdoing of any kind.

7. **Representations and Warranties:** The McConaghy Release Parties and the Sequa Release Parties represent and warrant that they: (a) are the exclusive legal owners of the claims encompassed by this Agreement and have not assigned, transferred or sold such claims to anyone else; (b) have standing to assert such claims; and (c) are not aware of any other persons or entities who are authorized to assert or have standing to assert the claims encompassed by this Agreement. The McConaghy Release Parties and the Sequa Release Parties further represent and warrant that no promise, representation, conduct or consideration by them or any person acting on their behalf, has induced the execution of this Agreement except those representations and considerations which are specifically set forth in this Agreement.

8. **Authority:** The Parties represent that they have read this Agreement, intend to be bound by its terms and, subject to the approval of this Agreement by the Receivership Court, have the full lawful right, power, authority and legal capacity without joinder of any other party to execute this Agreement through the persons whose signatures are subscribed below, and to consummate the undertakings specified herein.

9. **Joint Preparation:** This Agreement has been jointly prepared and therefore, the authorship hereof shall not affect the construction hereof.

10. **Representation by Counsel:** In connection with the negotiation and execution of this Agreement, the Parties have had the benefit of representation by independent legal counsel and other professionals of their own choosing.

11. **Scope of Agreement:** This Agreement inures to the benefit of and is binding on the Parties and their respective predecessors, successors, heirs, personal administrators and assigns.

12. **Preservation of Sequa's Rights as Assignee:** Sequa Corporation retains all of its rights as assignee of RHI Holdings, Inc. ("RHI") and Hill Top Developers, Inc. ("Hill Top") under a Compromise Settlement Agreement and Mutual Releases agreement entered into in August 1999 with the Trustee of RHI and Hill Top and approved by Order of the United States Bankruptcy Court for the Southern District of Texas dated October 29, 1999. Nothing contained in this Agreement shall be deemed or interpreted to impair those rights in any manner.

13. **No Admission of Liability:** This Agreement represents the compromise of potential and disputed claims. The consideration paid herein is not and shall not be construed to be an admission of liability or fault on the part of any of the Parties, but rather is paid and received to settle disputed claims, and the Parties and each of them expressly deny any liability or wrongdoing of any kind with respect to other parties.

14. **Indemnification for Breach:** The receivership estates of AUIC and CUIC and the Sequa Parties agree to indemnify and hold harmless one another from and against any and all actions, causes of action, suits, claims, demands, obligations, damages and liabilities, of any

nature whatsoever, including court costs and attorneys' fees, arising from, or in connection with, any action or proceeding, brought by or prosecuted by, or for the benefit of, or on the initiative of, any of them, or by any of their successors or assigns, contrary to the provisions of this Agreement. It is further agreed that this agreement of indemnity shall be deemed breached and a cause of action accrued thereon immediately upon the commencement of any action by any Party contrary to this Agreement, and may be pleaded by either of them as a defense or either of them may assert this Agreement by way of counterclaim or cross-claim in any such action.

15. **Amendment:** The terms and provisions of this Agreement may not be changed in any manner unless done in a writing signed by the Parties.

16. **Governing Law:** This Agreement shall be governed by, construed, interpreted, and enforced in accordance with the laws of the State of Rhode Island. Any claim arising out of a breach of this Agreement shall be brought in the Providence County Superior Court for the State of Rhode Island or the United States District Court for the District of Rhode Island.

17. **Entire Agreement:** This Agreement sets forth the entire understanding of the Parties with respect to its subject matter, and supersedes all prior agreements and understandings relating to any similar subject matter.

18. **Cooperation:** The Parties agree to cooperate fully in executing any and all supplemental documents and taking all additional actions that may be necessary or appropriate to give full force and effect to the basic terms and intent of this Agreement.

19. **Notice:** Notice for any purpose under this Agreement shall be accomplished by both First Class Mail and facsimile transmission as follows:

To McConaghy: Melissa M. Ho~~m~~rne, Esq.

Winograd, Shine & Zacks, P .C.
123 Dyer Street
Providence, RI 02903

To Sequa Corporation:

Steven R. Lowson, Esq.
Vice President and
Senior Associate General Counsel
Sequa Corporation
200 Park Avenue
New York, NY 10166

and

Matthew F. Medeiros, Esq.
Little, Medeiros, Kinder, Bulman & Whitney, P.C.
72 Pine Street
Providence, RI 02903

To Gerald S. Gutterman,
Norman E. Alexander,
Robert E. Davis:

David M. Hashmall, Esq.
Goodwin Procter LLP
599 Lexington Avenue
New York, NY 10022

20. **Counterparts:** This Agreement may be signed in counterparts by facsimile which, taken together, will constitute one agreement.

**ACCEPTED and AGREED by the following parties on the dates indicated:**

**MARILYN SHANNON McCONAGHY**, in her ~~official~~ capacity as Director of the Department of Business Regulation for the State of Rhode Island and in her capacity as Receiver of American Universal Insurance Company and Canadian Universal Insurance Company, and all of McConaghy's predecessors and successors in either capacity.

_______________________________ Date:

**SEQUA CORPORATION**, its successors, predecessors, ~~S~~subsidiaries, officers, directors, agents, employees, and ~~A~~assigns

By: _______________________________ Date:
Their authorized representative

**CHROMALLOY AMERICAN CORPORATION**, its successors, predecessors, subsidiaries, officers, directors, agents, employees, and assigns

By: _______________________________ Date:
Their authorized representative

_______________________________ Date:
**NORMAN E. ALEXANDER**

______________________________ Date:

**ROBERT E. DAVIS**

______________________________ Date:

**GERALD S. GUTTERMAN**