LITTLE MEDEIROS KINDER
BULMAN & WHITNEY PC

*Attorneys*

Christopher H. Little *
Matthew F. Medeiros *
Daniel K. Kinder *
John E. Bulman *
Christopher C. Whitney *
Henry R. Kates *
George H. Rinaldi *
Scott K. Pomeroy
Joseph P. Quinn *
Beatrice Beltran Farr *
Adam J. Chandler †

John D. Deacon, Jr. *
*Of Counsel*

William R. Powers III
(1931-1998)

Thomas C. Keeney
(1946-1999)

Also admitted in
* Massachusetts

Admitted in
† Massachusetts only

June 4, 2004

**Via Facsimile**

Ellen G. Robinson, Esq.
Robinson Curley & Clayton
Suite 1700
300 South Wacker Drive
Chicago, IL 60606

**Re: McConaghy v. Sequa Corporation, et al.**

Dear Ellen:

I write in response to your letter dated May 28, 2004, regarding your revised version of the Settlement Agreement and Release. Speaking collectively on behalf of myself, Steve Lowson, David Hashmall and Andy Simmonds, we are dismayed by your latest revisions, most of which are unacceptable to our side, for the reasons that follow.

To begin, as the parties discussed, a fundamental element of the settlement agreement had to be a full and complete release of all present, future and contingent claims relating to the American Universal companies. We will not accept any qualifications on such a release (such as the loophole that the Receiver has thus far relied upon to avoid the earlier covenant not to sue). Unfortunately, many of your latest proposed revisions would introduce such qualifications, which we categorically reject. With that, I turn to the specific revisions in issue.

**¶ 1(A)** -- Although your cover letter neglected to tell us, you inserted the word "official" in the 2nd line, as a qualification on the Director's capacity. We will not agree to that qualification, nor do we understand what you intended by it.

In that same paragraph, you deleted the term "insurers," and state in your cover letter that "[t]here are no insurers that would have claims against Sequa. . . ." If you add a representation by the McConaghy Release Parties to that effect, we would agree to your revision.

72 Pine Street Providence, RI 02903 (401) 272-8080 fax (401) 521-3555
43 Thorndike Street Cambridge, MA 02141 (617) 494-8070

www.lmkbw.com

You also have deleted from paragraph 1(A) "the State of Rhode Island." That is unacceptable. The Release must bar claims against the Sequa Defendants by the State of Rhode Island, all entities of the State, and the Rhode Island Insurance Insolvency Fund, relating to AUIC/CUIC matters. There is no good reason for the Receiver not to agree.

**¶ 2** -- The Sequa Defendants will not agree to escrow the settlement payment. This is not a situation where an escrow is warranted by any risk of the defendants becoming insolvent. As is customary here in Rhode Island, the payment and the filing of the dismissal stipulations must be simultaneous.

Your revisions to the last sentence of paragraph 2 are acceptable.

**¶ 3(a)** -- The standard language "or may have or claim to have in the future" must remain. Unless the Receiver has in mind suing the Sequa Defendants again one day, we can't imagine why the Receiver would object to this language.

Also in paragraph 3(a) your inclusion in two places of "State of Rhode Island" must go hand-in-hand with our receiving a corresponding release from the State of Rhode Island. We will not agree to a one-way release.

**¶ 3(c)** -- We need to have indemnification against claims by any insolvency fund or any reinsurer of the AUIC companies. We would agree to drop our request for indemnification as to claims by Reeder or Christopher.

**¶ 3(d)** -- Your proposed narrowing of this paragraph is unacceptable. Your letter states that "[o]bviously, the Director is in fact entering into this agreement in some limited capacities." That statement is extremely troubling: we must receive a release from the Director in all capacities, without limitation, so as to avoid a repeat of what we believe was a shell game surrounding the covenant not to sue.

**¶ 4** -- As discussed above, there must be a simultaneous exchange of the executed dismissal stipulations and the settlement payment.

**¶ 5** -- You have proposed to delete the final clause (clause (c)). That is not acceptable. If the Receivership Court refuses to approve the settlement; if an appeal is taken from that ruling; and if the federal court requires its case to go to trial in the meantime, the primary reason for the settlement would disappear, and it therefore must expire by its own terms in those circumstances.

**¶ 6** -- The Sequa Defendants require protection against indiscriminate, self-serving and inflammatory public statements about the settlement. Such provisions are common in settlement agreements. We probably can jointly craft alternative, satisfactory language, but why don't we defer that effort until we determine whether it is possible to reach agreement on the more fundamental issues that your revisions created.

¶ **13** -- As a compromise, we would agree to delete the term "doubtful," but "potential" must remain.

¶ **14** (of our draft)-- The mutual indemnification provision of our draft should be included, as a deterrent to future litigation between these parties.

¶ **18** (of our draft) -- This standard provision, which you proposed deleting, needs to remain.

**Signature block** -- Again without telling us, you added the qualification "official" to the capacity in which McConaghy is signing. We do not understand the corresponding statement in your letter that "not all provisions apply to her in her capacity as Director of the DBR"; please explain what you meant by that. In any event, the qualifier "official" must be removed. The Sequa Defendants will not agree to a release that contains any limits on the capacity in which McConaghy is signing.

We would agree to a single signature line for McConaghy, as long as it incorporates everything contained in our two separate signature lines.

The Sequa Defendants believe that we are at a critical juncture. Many of your proposed revisions retreat from the tentative agreement in principle (subject expressly to the execution of mutually-satisfactory settlement documents) that was reached at the last mediation session. The revisions seem to us inconsistent with your expressed desire to resolve this matter "in an expeditious manner." We stand ready to proceed with the proposed settlement on the terms outlined above.

Please favor us with a written response. We remain willing to discuss solutions to all of these serious and fundamental disagreements. If I am unavailable, you should feel free to discuss these issues with David.

Sincerely yours,

Matthew F. Medeiros

MFM/vgs