LAW OFFICES
ROBINSON CURLEY & CLAYTON, P.C.
SUITE 1700
300 SOUTH WACKER DRIVE
CHICAGO, ILLINOIS 60606

TELEPHONE (312) 663-3100
FACSIMILE (312) 663-0303

ELLEN G. ROBINSON
C. PHILIP CURLEY
FAY CLAYTON
ALAN F. CURLEY
CYNTHIA H. HYNDMAN
JOHN H. WICKLEY
SUSAN VALENTINE
ALAN R. DOLINKO
ROBERT S. MICHAELS

CARL T. BERGETZ
JOHN D. CUMMINS, JR.
ELIZABETH J. HUBERTZ
ANGEL M. KRULL
ROBERT L. MARGOLIS
DARLENE M. OLIVER
ELYSSA BALINGIT WINSLOW

June 16, 2004

**VIA FACSIMILE**

Matthew F. Medeiros, Esq.
Little, Medeiros, Kinder, Bulman & Whitney, P.C.
72 Pine Street
Providence, Rhode Island 02903

David M. Hashmall, Esq.
Goodwin Procter LLP
599 Lexington Avenue
New York, New York 10022

Re: *McConaghy v. Sequa Corporation, et al.*

Dear Matt and David:

We have reviewed your letter of June 4, 2004 regarding the latest version of the Settlement Agreement and Release. And as I explained to David last week, I believe that there are only a couple of issues that need some substantive discussion. It is our recommendation that we do that at a face-to-face meeting. However, because you requested a written response, the following are our responses to your letter.

1. We will delete the word "official" from ¶ 1(A).

2. If you could explain to us the purpose of the term "insurers" in the definition of the "McConaghy Release Parties" we can better assess how we want to address this issue.

3. As I explained in my letter of May 28, 2004, the Director does not have the authority to sign a release on behalf of the State of Rhode Island. This is an issue that merits substantive discussion before it can be resolved.

ROBINSON CURLEY & CLAYTON, P.C.

Matthew F. Medeiros, Esq.
David M. Hashmall, Esq.
June 16, 2004
Page Two

4. If you reduce the time period in which Sequa must make the settlement payment, we can forego the escrow. We will agree to simultaneous payment and filing of dismissals.

5. Our objection to the language "or may have or claim to have in the future" is that it is too vague and could be construed to cover even disputes arising out of the Settlement Agreement. We believe our language releases all claims that have been or could have been brought in the lawsuits being dismissed and is sufficiently broad.

6. The indemnification issue is the other issue that will require substantive discussion. We will note, however, that if indeed this is a provision that the Sequa Defendants "need" to have, it should have been raised in the mediation.

7. We thought we had broadened the language in ¶ 3(d) for your protection. If you like your language better, we are happy to agree to it.

8. We will agree to keep the final clause in ¶ 5.

9. As a compromise on the press release issue, we would agree that only the Director may comment publicly about the settlement and that she would agree that any statement she makes would include the fact that Sequa has not admitted liability.

10. We will agree to add the term "potential" back to ¶ 13.

11. Again, the indemnification issue presented by ¶ 14 (of your draft) should be discussed at a face-to-face meeting.

12. The "standard provision" you have included in ¶ 18 of your draft is vague and too easily subject to misinterpretation. If you would let us know what you intend to have this paragraph cover, we can perhaps revise the language to solve the vagueness problem.

13. We will remove "official" from the signature block.

ROBINSON CURLEY & CLAYTON, P.C.

Matthew F. Medeiros, Esq.
David M. Hashmall, Esq.
June 16, 2004
Page Three

Please contact me as soon as possible to set up a time to meet to resolve these remaining issues. We remain confident that we can reach an agreement to everyone's satisfaction.

Very truly yours,

Cynthia H. Hyndman

cc: Marilyn McConaghy
Jack Partridge
Ellen Robinson
Melissa Home