Tillinghast

TILLINGHAST & COMPANY

UNITED STATES • UNITED KINGDOM • CANADA • BERMUDA • AUSTRALIA • FRANCE • SWEDEN

3340 Peachtree Road
Atlanta, Georgia 30026
(404) 261-5420
Telex 804429

May 18, 1987

Chromalloy American Corporation
120 South Central Avenue
St. Louis, Missouri 63105
Attention: Mr. James A. Silkwood,
Vice President - Corporate Development

Gentlemen:

Confirming our recent conversations, this letter sets forth the agreement by which Chromalloy American Corporation ("Chromalloy") has engaged Tillinghast & Company ("Tillinghast") to perform certain services in connection with the proposed sale of all or part of the outstanding common stock or assets of your subsidiary, American Universal Insurance Group ("AUIG") to, or the merger or consolidation with, another company (the "Proposed Transaction").

The terms of our agreement are as follows:

1. (a) We have prepared a factual presentation (the "Background Report") of the history and current status of AUIG, which includes such limitations, qualifications and disclaimers as we believed were appropriate. We have also prepared a summary (the "Executive Summary") of the information contained in the Background Report.

(b) We have and will continue to assist you in identifying and contacting companies which may have an interest in the Proposed Transaction (the "Prospective Purchasers"). Following your determination that the Background Report and the Executive Summary were accurate and complete, we sent and will continue to send such documents to persons who express an interest in the Proposed Transaction. We have and will continue to participate in the solicitation and, as requested by you, the negotiation activities with respect to each Prospective Purchaser.

(c) We shall use our best efforts to perform the services described above in a timely manner. This engagement does not contemplate that we will make any actuarial appraisals or render any opinions concerning the fairness of any Proposed Transaction.

TL001226

2. You have provided and will continue to provide us with all documents and information which we consider necessary to enable us to perform our services hereunder. We have and will continue to rely upon the information furnished to us by you, your independent auditors or consulting actuaries, and upon information available from published sources. We assume no responsibility for the accuracy or completeness of such information, and we shall have no obligation independently to verify any such information. We shall keep all such information confidential except such as is publicly available or such as you agree may be disclosed to Prospective Purchasers (which shall include all information in the Background Report and the Executive Summary).

3. You represent and warrant that all information made available to Tillinghast by Chromalloy, AUIG or their representatives shall not contain any untrue statement of a material fact or omit to state a material fact necessary in order to make the information not misleading. You also agree not to distribute or publish, in whole or in part, the Background Report, or authorize its distribution or publication, if you have any reason to know that the information contained in such Report was or has become materially inaccurate, incomplete or misleading.

4. Except as contemplated by paragraph 1(b), the Background Report, any summaries, reports, or other information, and any advice (written or oral), provided by us under this Agreement are for the internal use of your management, accountants and counsel, and you shall not make any disclosure (or reference to) such items to any other party without our prior written consent. The Background Report may not be included, in full text or otherwise, nor may any mention or reference to it be made, in any prospectus, proxy statement, offering circular, or other similar document without our prior written consent.

5. You agree to pay us the following fees for our services under this agreement: (i) an engagement fee of $60,000, payment of which was received by Tillinghast (receipt of which is hereby acknowledged by Tillinghast) prior to execution of this letter and (ii) an additional fee based on our normal schedule of hourly charges for our staff in effect from time to time. You also agree to pay all of our reasonable computer charges and out-of-pocket expenses incurred in connection with performing such services, including reasonable fees and expenses of our counsel.

6. This agreement may be terminated by you at any time upon notification to us, confirmed by registered or certified mail, of your desire to terminate. The effective date of termination shall be the date of notification. In the event this agreement is terminated by you, you shall pay all of our fees, charges and expenses as required by paragraph 5 through the date of termination.

7. You agree that Prospective Purchasers may include past or present clients of Tillinghast or our parent, Tillinghast, Nelson & Warren, Inc. In this event, we shall make timely and appropriate disclosure to you and such clients. You agree that we may limit our involvement in any negotiations or contacts between you and such clients, and you agree to accept our judgment as to our proper role in any such negotiations or contacts. However, we shall not participate in any negotiations if, because of a potential conflict of interest, you determine that we should not so participate.

8. You agree to indemnify and hold harmless Tillinghast and our directors, officers, agents, employees and controlling persons, to the fullest extent permitted by law, from and against any loss, damage, liability, claim or expense related to or arising out of (i) our performance under this agreement, or (ii) any untrue statement or alleged untrue statement of a material fact contained in any prospectus, proxy statement, offering material or other communication by Chromalloy or any Prospective Purchaser (whether written or oral) made in connection with a Proposed Transaction, or the omission or the alleged omission to state therein any material fact required to be stated therein or necessary in order to make the statements therein not misleading in light of the circumstances under which they were made. You also agree to reimburse us and any other party entitled to be indemnified hereunder for all expenses (including attorneys' fees and time expended by us or such other party based on our then-current time charges) as may be incurred by us or any such party in connection with investigating, preparing for, or defending any such action or claim, whether or not in connection with pending or threatened litigation in which we are a party. However, you will not be liable for indemnification or reimbursement under clause (i) above if such loss, damage, liability, claim or expense is determined in a final judgment by a court to have resulted primarily from the gross negligence, willful misconduct or bad faith of Tillinghast in performing its services under this agreement. If for any reason the foregoing indemnification is unavailable to Tillinghast or insufficient to hold it harmless,

then you shall contribute to the amount paid or payable by Tillinghast as a result of such loss, claim, damage or liability in such proportion as is appropriate to reflect not only the relative benefits received by Chromalloy and its shareholders, on the one hand, and Tillinghast on the other hand, but also the relative fault of Chromalloy, on the one hand, and Tillinghast, on the other, as well as any relevant equitable considerations; provided, however, that in no event shall Tillinghast and any other party indemnified hereunder be required to contribute an amount which, in the aggregate, exceeds the fee paid to Tillinghast pursuant to this agreement. We shall promptly notify you of the assertion of any claim for which we will seek indemnification hereunder. You shall have the right to assume and control the defense of any claim, demand, lawsuit or proceeding with respect to which indemnification is claimed hereunder. With respect to any such claim, demand, lawsuit or proceeding as to which you have notified us of your election to so assume and control the defense thereof, you shall not be liable to us for any legal or other expenses subsequently incurred by us in connection with such defense; provided, however, in the event you and we are a party to any such claim, demand, lawsuit or proceeding and we are advised by counsel that it is not practicable for both you and us to be represented by the same counsel, then we may engage counsel and defend such proceeding at your expense. You shall have the sole right to settle or otherwise dispose of any such claim, demand, lawsuit or proceeding on such terms as you in your sole discretion deem appropriate (provided such settlement does not impose any obligation upon us), and you shall have no liability on account of any settlement effected without your consent. Your reimbursement, indemnity and contribution obligations under this paragraph shall be in addition to any liability which you may otherwise have, and shall be binding upon and inure to the benefit of any successors, assigns, heirs and personal representatives of Chromalloy, Tillinghast and any such person. The provisions of this paragraph shall survive any termination of this agreement.

9. In the event that any part of this agreement should be determined to be unenforceable for any reason, the parties desire that as much as possible of that understanding reflected herein remain enforceable and that this agreement be reformed in a manner consistent with such intent.

10. If the foregoing accurately sets forth our agreement, please indicate your acceptance and approval by executing the enclosed copy of this letter at the place provided below and returning it to us whereupon it will become a binding agreement.

Very truly yours,

TILLINGHAST & COMPANY

By: [signature]

Title: Vice President

Accepted and agreed to this 8th day of June, 1987:

CHROMALLOY AMERICAN CORPORATION

By: [signature]

Title: VICE-PRES CORPORATE DEVELOPMENT