UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

SHELDON WHITEHOUSE, Receiver of American Universal Insurance Company and Canadian Universal Insurance Company,

Plaintiff,

v.

C.A. No. 92-0512-T

SEQUA CORPORATION, a Delaware corporation; CHROMALLOY AMERICAN CORPORATION, a Delaware corporation; NORMAN E. ALEXANDER; ROBERT E. DAVIS; GERALD C. GUTTERMAN; TOWERS, PERRIN, FORSTER & CROSBY, INC., a Pennsylvania corporation (successor by merger to Tillinghast, Nelson & Warren, Inc. and Tillinghast & Co.); RONALD WILSON; G. WAYNE REEDER; RHI HOLDINGS, INC., a Delaware corporation f/d/b/a ONE HUNDRED THIRTEEN CORP. (successor by merger to RESOLUTE HOLDINGS, INC.); HILL TOP DEVELOPERS, INC.; SIX CORPORATION; CHARLES S. CHRISTOPHER; WILLIAM W. GEARY, JR.; JARRELL B. ORMAND; and CARLETON BURTT

Defendants.

## FIRST AMENDED COMPLAINT

Sheldon Whitehouse, Receiver of American Universal Insurance Company and Canadian Universal Insurance Company, by his attorneys, complains against defendants as follows:

## FEDERAL CLAIM

## JURISDICTION AND VENUE

1. This court has jurisdiction over the claims herein pursuant to the Racketeer Influenced and Corrupt Organization Act

Board and a director of RHI until June 1988. He is a resident of the State of South Carolina.

**COUNT III**

**NEGLIGENT AND/OR INTENTIONAL SALE OF CONTROL OF CORPORATION TO PERSONS INTENDING TO LOOT**
**(Against each and every defendant in the SEQUA GROUP, TILLINGHAST, and WILSON)**

86. Plaintiff incorporates paragraphs 1 through 85 above as part of this Count III.

87. At all times relevant to the acts and omissions alleged herein, each defendant in the SEQUA GROUP acted in concert together with and on behalf of one another, and in furtherance of the common and joint purpose of selling AUIC as alleged herein. Also at all times relevant to the acts and omissions alleged herein, TILLINGHAST acted in concert together with and on behalf of the SEQUA GROUP, and in furtherance of the common and joint purpose of selling AUIC as alleged herein. At all pertinent times, WILSON was the officer and/or employee and agent of TILLINGHAST who carried out the acts complained of herein. Because TILLINGHAST acted as the SEQUA GROUP's agent with regard to the sale, and because the SEQUA GROUP, TILLINGHAST, and WILSON acted together in arranging and executing the sale, each is vicariously liable for the breach of duty of the other with regard to the sale as alleged herein.