**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| MARILYN SHANNON McCONAGHY, Receiver of American Universal Insurance Company and Canadian Universal Insurance Company, Plaintiff, | ) | C.A. No. 92-512 L |
| v. | ) | |
| SEQUA CORPORATION, et al., Defendants. | ) | |

**DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO COMPEL ENFORCEMENT OF SETTLEMENT**

Defendants submit this supplemental memorandum in order to bring to the Court's attention the Rhode Island Supreme Court's recent decision in McBurney v. Teixeira, 875 A.2d 439 (R.I. 2005). McBurney, which was handed down the day after defendants submitted their Reply Memorandum, definitively refutes the Receiver's reliance on Marr Scaffolding Co. v. Fairground Forms, Inc., 682 A.2d 455 (R.I. 1996), for her opposition to defendants' Motion to Compel Enforcement of Settlement. The Release here is strikingly similar to the one that the Court summarily enforced in McBurney.

McBurney involved an attorney (McBurney) who sued another attorney (Roszkowski) for intentionally interfering with an attorney-client relationship between McBurney and a former client. Roszkowski made a settlement payment to McBurney and they entered into a "General Release and Confidentiality Agreement." That agreement provided that McBurney released Roszkowski, his law firm and "their heirs, executors, representatives, agents, employees, attorneys, affiliates, associates, insurance carriers, successors and assigns…." 875 A.2d at 442.

Shortly thereafter, McBurney sued another attorney (Teixeira) for tortious interference with the same client while Teixeira had been an associate of Roszkowski. Teixeira moved for summary judgment on the basis that the release between McBurney and Roszkowski extinguished such claims against "associates" of Roszkowski. The trial court dismissed, solely on statute of limitations grounds. The Rhode Island Supreme Court affirmed, but on the ground that the suit against Teixeira "is barred by the clear and unambiguous language of the general release and confidentiality agreement between plaintiff and Joseph P. Roszkowski." Id.

The Court reaffirmed the general rule that "a court must find that a contract is ambiguous before it can exercise judicial construction of the document." Id. at 443 (citing case). The Court then went on to hold that "the broad, all-encompassing language of the document is clear and unambiguous and susceptible only to one reasonable interpretation." Id. Accordingly, the Court affirmed summary judgment on the basis of the "plain language" rule. Id. The fact that the Court took the unusual step of deciding the appeal based on an issue that the trial court had never reached underscores the strength of the "plain language" rule.

McBurney directly refutes all of the Receiver's main arguments in her Memorandum in Opposition:

- she argued (p. 2) that "[w]hen a party not named in a settlement agreement contends that claims against it have been released, Rhode Island law is clear that the Court must look behind the settlement agreement's terms to determine the 'true intentions' of the named parties to the agreement." But as McBurney clearly holds, that has never been the law in Rhode Island: "The language of the release itself is controlling in determining the intent of the parties." 875 A.2d at 443 (citations omitted).[1]

- she argued (p. 3) that a court must inquire into the subjective intent of the parties where a release contains "boilerplate" language. But the language on which Teixeira relied in McBurney was

[1] The Court in McBurney applied that rule in favor of Teixeira, a "stranger" to the agreement. It applies with even greater force where, as here, a party to the agreement (Sequa) is seeking to enforce it.

"boilerplate" under the Receiver's definition, and yet was held to be clear, unambiguous and summarily enforceable. Id. The Sequa Release contains remarkably similar terms. The Court in McBurney as a matter of law enforced the release because the term "associates" -- like the term "agents" in the Sequa Release -- refers to a specifically definable and ascertainable class of individuals or entities, in contrast to the "all other persons, firms or corporations" language in Marr, which essentially referred to the entire world. Tillinghast indisputably was an "agent" of Sequa, just like Teixeira was an "associate" of Roszkowski.

- she argued (pp. 5-6) that the fact that Tillinghast did not pay any part of the 20 million dollar settlement in this case creates an issue of fact as to whether the Release was intended to extinguish her claims against Tillinghast as "agent" of Sequa. But in McBurney, Teixeira did not pay any part of the settlement between McBurney and Roszkowski, yet the Court held, without ordering a remand or even an evidentiary hearing, that the release of "associates" extended to Teixeira. Id. at 443-44

- she argued (p. 10) that the Marr holding applies to this case because Tillinghast was a joint tortfeasor with Sequa, was not named in the release and played no role in procuring the release. But Teixeira was in precisely the same posture, and yet the Court entered summary judgment in his favor in McBurney.

- finally, the Receiver argued (p. 11) that "[t]his case presents the precise issue litigated and resolved in Marr." The fact that the Supreme Court did not even cite Marr proves that its narrow holding has nothing whatsoever to do with the issue presented here. To reiterate, Marr applies only to situations involving an inequitable attempt by a stranger to a release to take gratuitous advantage of "omnibus" language ("all other persons, firms, or corporations"). As explained in our previous memoranda, this is not such a situation.

Accordingly, defendants ask that the Court grant their Motion to Compel Enforcement.

Respectfully submitted,

Matthew F. Medeiros (#1856)
Little Medeiros Kinder Bulman &
Whitney, P.C.
72 Pine Street
Providence, Rhode Island 02903
Tel: (401) 272-8080
Fax: (401) 272-8195

**Attorneys for Defendants Sequa Corporation and Chromalloy American Corporation**

David M. Hashmall
Leonard F. Lesser
Goodwin Procter LLP
599 Lexington Avenue
New York, New York 10022
Tel: (212) 459-7430
Fax: (212) 355-3333

**Attorneys for Defendants Norman E. Alexander, Robert E. Davis and Gerald S. Gutterman**

Mark Maloney /s/ (SKP)
Mark Maloney, Esq.
King & Spalding LLP
191 Peachtree Street, Suite 4900
Atlanta, GA 30303-1763
Tel: (404) 572-4600
Fax: (404 572-5100

- and -

Dennis T. Grieco /s/ (SKP)
Michael G. Sarli, Esq.
Dennis T. Grieco, II, Esq.
Gidley Sarli & Marusak
One Turks Head Place, Suite 900
Providence, RI 02903
Tel: (401) 274-6644
Fax: (401) 331-9304

**Attorneys for Towers, Perrin, Forster and Crosby, Inc., as successor by merger to Tillinghast, Nelson and Warren and Tillinghast & Co.**

**CERTIFICATE OF SERVICE**

I hereby certify that on August 10, 2005 the within Supplemental Memorandum in Support of Motion to Compel Enforcement of Settlement was served by First Class U.S. Mail, postage prepaid, upon the following:

Melissa Horne, Esq.
Winograd, Shine & Zacks, P.C.
123 Dyer Street
Providence, RI 02903

Ellen G. Robinson, Esq.
Robinson, Curley & Clayton, P.C.
300 South Wacker Drive, Suite 1700
Chicago, IL 60606

Mr. Carleton Burtt, pro se
120 Paul Street
P. O. Box 1264
Walterboro, SC 29488