**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **A. MICHAEL MARQUES,**<br>**Receiver of American Universal**<br>**Insurance Company and Canadian**<br>**Universal Insurance Company,** | ) | |
| **Plaintiff,** | ) | **No. 92-512L** |
| **v.** | ) | **Judge Ronald R. Lagueux** |
| **SEQUA CORPORATION, et al.,** | ) | |
| **Defendants.** | ) | |

**RECEIVER'S RESPONSE TO DEFENDANTS' SUPPLEMENTAL MEMORANDUM ON MOTION TO COMPEL ENFORCEMENT OF SETTLEMENT**

Defendants have brought to this Court's attention the recent opinion of the Rhode Island Supreme Court in *McBurney v. Teixeira*, 875 A.2d 439 (R.I. 2005). *McBurney* simply does not apply.

**A. The Holding in *McBurney* Does Not Limit the Holding in *Marr.***

In *Marr Scaffolding Co. v. Fairground Forms, Inc.*, 682 A.2d 455 (R.I. 1996), the Rhode Island Supreme Court held that when a party not named in a settlement agreement claims to have been released, the court must look behind the settlement agreement to determine the "true intentions" of the parties to the agreement, so as to avoid unnamed parties taking "'gratuitous advantage' . . . of releases in which they took no part." 682 A.2d at 456, 458 (citations omitted). The analysis the Rhode Island Supreme Court formally adopted in *Marr* was based on its earlier decision in *Pardey v. Boulevard Billiard Club*, 518 A.2d 1349 (R.I. 1986), and predicted by Judge Selya in *McInnis v. Harley-Davidson Motor Co.*, 625 F. Supp. 943 (D.R.I. 1986). *See Marr*, 682 A.2d at 456, 458.

Curiously, Defendants argue that *McBurney* – without so much as a mention of *Marr, Pardey*, or *McInnis* – "clearly holds" that this analysis "has never been the law in Rhode Island," and that, instead, the language of the release itself controls in determining the intent of the parties to the release. *See* Defendants' Supplemental Memorandum in Support of Motion to Compel Enforcement of Settlement ("Supplemental Memo") at 2-3. State Supreme Courts typically do not overrule established case law *sub silentio*, and this Court should not be swayed by Defendants' overreaching.

Unlike the situation presented to this Court and in *Marr*, in *McBurney* no one made the argument to the Court that Teixeira was trying to take "gratuitous advantage" of a release in which he did not take part. Instead, the only argument the plaintiff in *McBurney* raised to challenge the release was that the release was not valid because the signatures were forged. *McBurney*, 875 A.2d at 442. Under the circumstances presented in *McBurney*, therefore, there was no need to cite the opinion in *Marr* or undertake the analysis it dictates.[1] *McBurney*, therefore, does not limit *Marr* in any way.

**B. The Circumstances in *McBurney* are Different Than the Circumstances Here.**

To avoid the application of the analysis dictated by *Marr*, Defendants argue that this case presents "strikingly similar" circumstances to those in *McBurney*. Supplemental Memo at 1. Defendants first contend that because the language in the release in *McBurney* describing Teixeira as an "associate" of the named law firm was boilerplate and was found to

---

[1] In fact, the Court in *Marr* contemplated the precise holding in *McBurney*, when it suggested that in a situation where no one challenges the application of a release to an unnamed third party, the court should give deference to the broad terms of the release. *Marr*, 682 A.2d at 458.

unambiguously apply to Teixeira, the term "agent" in the Settlement Agreement should similarly be found to unambiguously apply to Tillinghast. Supplemental Memo at 2-3. But in *McBurney*, no one disputed that Teixeira was an associate of the law firm named in the release. Here, both the Sequa Defendants and Tillinghast disputed that Tillinghast was Sequa's agent throughout the litigation, including at the time the Settlement Agreement was signed. *See* Receiver's Memorandum in Opposition to Motion to Compel Enforcement of Settlement ("Receiver's Memo") at 11-13.

Defendants also argue that Teixeira did not pay any of the consideration for the release that was found to apply to him and, consequently, Tillinghast should be found to have been released even though it did not pay any consideration to the Receiver. Supplemental Memo at 3. To the contrary, Teixeira, as an associate of the named law firm, did pay consideration. The release provided that *McBurney* released his claims: **"in consideration of the sum of * * *, paid to them by** ATTORNEY JOSEPH J. ROZKOWSKI and ZIMMERMAN, ROSZKOWSKI & BRENNER, ATTORNEYS, their heirs, executors, representatives, agents, employees, attorneys, affiliates, **associates**, insurance carriers, successors and assigns." 875 A.2d at 442 (emphasis added).

Finally, Defendants argue that Teixeira, like Tillinghast, played no role in procuring the release at issue and, thus, Tillinghast should be found to have been released. Supplemental Memo at 3. Defendants' argument is pure conjecture; the *McBurney* opinion does not describe the circumstances leading to the signing of the release. Moreover, there is no suggestion in *McBurney* that Teixeira took positions that he did not know about the settlement, or objected to the settlement, as Tillinghast did here. *See* Receiver's Memo at 7-9.

**Conclusion**

There is nothing in the *McBurney* opinion to suggest that it would limit the application of the *Marr* analysis to determine the intent of the parties to the Settlement Agreement at issue here. Consequently, Defendants' Motion to Compel Enforcement of Settlement should be denied in its entirety.

**A. MICHAEL MARQUES, Receiver of American Universal Insurance Company and Canadian Universal Insurance Company**

By: Melissa Horne

Melissa M. Horne, Esq. (5291)
WINOGRAD, SHINE & ZACKS, P.C.
123 Dyer Street
Providence, RI 02903
Telephone: (401) 273-8300
Facsimile: (401) 272-5728

Ellen G. Robinson
Cynthia H. Hyndman
ROBINSON CURLEY & CLAYTON, P.C.
300 South Wacker Drive
Suite 1700
Chicago, IL 60606
(Admitted Pro Hac Vice)
Attorneys for the Receiver

**CERTIFICATION**

I hereby certify that on the 14th day of September, 2005, I forwarded a true copy of the within document by regular mail to the following:

Matthew F. Medeiros, Esq.
Little, Bulman, Medeiros
& Whitney, P.C.
72 Pine Street
Providence, RI 02903

Carleton Burtt
120 Paul Street, Box 1264
Walterboro, SC 29488

David M. Hashmall, Esq.
Robert Karmen, Esq.
Goodwin Procter LLP
599 Lexington Avenue
New York, NY 10022

Michael G. Sarli, Esq.
Dennis T. Grieco, II, Esq.
Gidley, Sarli & Marusak
One Turks Head Place
Suite 900
Providence, RI 02903

Daniel J. King, Esq.
Mark Maloney, Esq.
King & Spalding
191 Peach Tree Street
Suite 4900
Atlanta, GA 30303-1763