**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **A. MICHAEL MARQUES, Receiver of American Universal Insurance Company and Canadian Universal Insurance Company,** | ) | |
| **Plaintiff,** | ) | **No. 92-512L** |
| **v.** | ) | |
| | ) | **Judge Ronald R. Lagueux** |
| **SEQUA CORPORATION, et al.,** | ) | |
| **Defendants.** | ) | |

**RECEIVER'S OBJECTION TO WITHDRAWAL OF MOTION TO COMPEL ENFORCEMENT OF SETTLEMENT**

A. Michael Marques, as Receiver of American Universal Insurance Company and Canadian Universal Insurance Company (the "Receiver"), hereby objects to the Withdrawal of Motion to Compel Enforcement of Settlement filed on October 31, 2005 by Sequa Corporation, Chromalloy American Corporation, Norman Alexander, Robert Davis, Gerald Gutterman, and Towers, Perrin, Forster & Crosby, Inc., as successor by merger to Tillinghast Nelson & Warren and Tillinghast & Company. In support of his Objection, the Receiver has filed a Memorandum of Law, the contents of which are incorporated herein.

**A. MICHAEL MARQUES, Receiver of American Universal Insurance Company and Canadian Universal Insurance Company**

By: Melissa Horne

Melissa M. Horne, Esq. (5291)
WINOGRAD, SHINE & ZACKS, P.C.
123 Dyer Street
Providence, RI 02903
Telephone: (401) 273-8300
Facsimile: (401) 272-5728

November 3, 2005

Ellen G. Robinson
Cynthia H. Hyndman
ROBINSON CURLEY & CLAYTON, P.C.
300 South Wacker Drive
Suite 1700
Chicago, IL 60606
(312) 663-3100
Fax: (312)663-0303
(Admitted Pro Hac Vice)
Attorneys for the Receiver

**CERTIFICATION**

I hereby certify that on the 3rd day of November, 2005, I forwarded a true copy of the within documents by regular mail to the following:

Matthew F. Medeiros, Esq.
Little, Bulman, Medeiros
& Whitney, P.C.
72 Pine Street
Providence, RI 02903

Carleton Burtt
120 Paul Street, Box 1264
Walterboro, SC 29488

David M. Hashmall, Esq.
Robert Karmen, Esq.
Goodwin Procter LLP
599 Lexington Avenue
New York, NY 10022

Michael G. Sarli, Esq.
Dennis T. Grieco, II, Esq.
Gidley, Sarli & Marusak
One Turks Head Place
Suite 900
Providence, RI 02903

Daniel J. King, Esq.
Mark Maloney, Esq.
King & Spalding
191 Peach Tree Street
Suite 4900
Atlanta, GA 30303-1763

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **A. MICHAEL MARQUES, Receiver of American Universal Insurance Company and Canadian Universal Insurance Company,** | ) | |
| **Plaintiff,** | ) | **No. 92-512L** |
| **v.** | ) | |
| | ) | **Judge Ronald R. Lagueux** |
| **SEQUA CORPORATION, et al.,** | ) | |
| **Defendants.** | ) | |

**MEMORANDUM IN SUPPORT OF RECEIVER'S OBJECTION TO WITHDRAWAL OF MOTION TO COMPEL ENFORCEMENT OF SETTLEMENT**

A. Michael Marques, as Receiver of American Universal Insurance Company and Canadian Universal Insurance Company (the "Receiver"), files this Memorandum in Support of his Objection to the Withdrawal of Motion to Compel Enforcement of Settlement (the "Motion") filed by Sequa Corporation, Chromalloy American Corporation, Norman Alexander, Robert Davis, Gerald Gutterman (collectively "Sequa Defendants"), and Towers, Perrin, Forster & Crosby, Inc., as successor by merger to Tillinghast Nelson & Warren and Tillinghast & Company ("Tillinghast").

**Argument**

The Sequa Defendants and Tillinghast filed the Motion on May 10, 2005, seeking a ruling that the Settlement Agreement and Release (the "Agreement") signed by the Receiver and the Sequa Defendants also included a release of the Receiver's claims against Tillinghast, who was not named in the Agreement. The parties filed briefs (including supplemental briefs) on the

Motion and this Court heard argument on September 20, 2005. At the hearing, the Court specifically found, contrary to the position taken by the Sequa Defendants and Tillinghast, that the Agreement was ambiguous and that it would need to hold an evidentiary hearing to determine whether the parties to the Settlement Agreement intended to include a release by the Receiver of his claims against Tillinghast. Now, after this partial, substantive ruling against them, the Sequa Defendants and Tillinghast have filed a document purporting to withdraw the Motion without prejudice.

The Receiver submits that the defendants' attempt to withdraw the Motion is substantially similar to a party's attempt to voluntarily dismiss a claim, which, after the parties are at issue, requires either a stipulation of all parties or a Court order. *See* Fed. R. Civ. P. 41(a). Under Rule 41(a), the Court's approval is required to assure that the opposing party is not prejudiced by the dismissal of a claim without prejudice. *See, e.g., Doe v. Urohealth Systems, Inc.*, 216 F.3d 157, 160 (1st Cir. 2000) (reversing and remanding District Court's approval of dismissal of claim without prejudice after defendant vigorously litigated claims and summary judgment motion was pending).

The Receiver will clearly be prejudiced by withdrawal of the Motion without prejudice. The Court has already made a preliminary finding that the Agreement was ambiguous and that examination of parol evidence is necessary to determine the intent of the parties. Should the Sequa Defendants and Tillinghast raise the issue of whether the Receiver released his claims against Tillinghast at some other time (such as on remand after an appeal) or in some other forum

(such as in a separate lawsuit for breach of the Agreement)[1], the Sequa Defendants and Tillinghast will no doubt contend that the Receiver cannot rely upon this Court's preliminary finding. As the *Urohealth Systems* Court explained, it is improper for a party, "when matters seemed to be going badly for [it]" to simply dismiss its claims and "begin all over again in. . . what is essentially an identical proceeding." *Id.* at 163.

Furthermore, the Receiver believes that upon hearing evidence, the Court would conclude that it was not the intention of the parties to the Agreement for the Receiver to release his claims against Tillinghast. The Receiver is entitled at this time to have the Motion proceed to determination. *Id.* at 162-63 (District Court erred as matter of law by not considering *res judicata* effect of ruling on pending summary judgment motion in its decision to allow voluntary dismissal of claim). In the alternative, the Court should require the defendants to withdraw the Motion with prejudice.

The Receiver has been further prejudiced by having to expend considerable resources to oppose the Motion. At the very least, if the Court allows the Sequa Defendants and Tillinghast to withdraw the Motion without prejudice, it should award the Receiver his costs and attorneys' fees expended in responding to the Motion. *See, id.* at 163 (suggesting that a dismissal without prejudice should at least involve plaintiff's payment of defendants' attorneys' fees and costs).

**Conclusion**

For these reasons, the Receiver respectfully requests that the Court not allow the Sequa Defendants and Tillinghast to withdraw the Motion or, in the alternative, require the withdrawal

---

[1] Prior to filing the Motion, the Sequa Defendants threatened the Receiver that if he pursued an appeal of his claims against Tillinghast, they would sue for breach of the Agreement.

of the Motion to be with prejudice. The Receiver also respectfully requests that, if the Court allows defendants to withdraw the Motion without prejudice, that the Court award the Receiver his costs and attorneys' fees expended in responding to the Motion.

**A. MICHAEL MARQUES, Receiver of**
**American Universal Insurance Company and**
**Canadian Universal Insurance Company**

By: Melissa Horne

Melissa M. Horne, Esq. (5291)
WINOGRAD, SHINE & ZACKS, P.C.
123 Dyer Street
Providence, RI 02903
Telephone: (401) 273-8300
Facsimile: (401) 272-5728

November 3, 2005

Ellen G. Robinson
Cynthia H. Hyndman
ROBINSON CURLEY & CLAYTON, P.C.
300 South Wacker Drive
Suite 1700
Chicago, IL 60606
(312) 663-3100
Fax: (312)663-0303
(Admitted Pro Hac Vice)
Attorneys for the Receiver

**CERTIFICATION**

I hereby certify that on the 3rd day of November, 2005, I forwarded a true copy of the within documents by regular mail to the following:

Matthew F. Medeiros, Esq.
Little, Bulman, Medeiros
& Whitney, P.C.
72 Pine Street
Providence, RI 02903

Carleton Burtt
120 Paul Street, Box 1264
Walterboro, SC 29488

David M. Hashmall, Esq.
Robert Karmen, Esq.
Goodwin Procter LLP
599 Lexington Avenue
New York, NY 10022

Michael G. Sarli, Esq.
Dennis T. Grieco, II, Esq.
Gidley, Sarli & Marusak
One Turks Head Place
Suite 900
Providence, RI 02903

Daniel J. King, Esq.
Mark Maloney, Esq.
King & Spalding
191 Peach Tree Street
Suite 4900
Atlanta, GA 30303-1763