IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| A. MICHAEL MARQUES, Receiver of American Universal Insurance Co. and Canadian Universal Insurance Co.,<br><br>Plaintiff,<br><br>v.<br><br>SEQUA CORPORATION, et al.,<br><br>Defendants. | ) | Case No. 92-512 L |

**REPLY MEMORANDUM TO RECEIVER'S OBJECTION TO WITHDRAWAL OF MOTION TO COMPEL ENFORCEMENT OF SETTLEMENT**

Defendants Sequa Corporation, Chromalloy American Corporation, Norman Alexander, Robert Davis, Gerald Gutterman (collectively the "Sequa Defendants") and Defendant Towers, Perrin, Forster & Crosby, Inc., as successor by merger to Tillinghast, Nelson & Warren and Tillinghast & Company, (hereinafter "Tillinghast") hereby file this reply memorandum in further support of the withdrawal of their pending motion to compel enforcement of settlement ("motion to enforce").

The Sequa Defendants and Tillinghast (collectively the "Movants") filed their motion to enforce in the belief that a summary proceeding was capable of resolving the issue of whether Plaintiff A. Michael Marques, as Receiver of American Universal Insurance Co. and Canadian Universal Insurance Co. ("Receiver"), had released his claims against Tillinghast. As reflected in their October 31, 2005 letter to the Court, the Movants believe that the time, efforts, and resources of the parties and the Court itself would not be best served by proceeding with a full-blown bench trial on the issues raised in the motion to enforce. Moreover, depending upon

whether the Receiver actually appeals and the outcome of that appeal, the issues raised in the motion to enforce may become moot.

The federal rules of civil procedure are silent with respect to a party's ability to withdraw a motion once it is filed with the court. *See* Robinson v. Worthington, 544 F. Supp. 956, 963 (M.D. Ala. 1982). In his opposition memorandum, the Plaintiff Receiver urges that Rule 41 provides the proper standards for the withdrawal of a motion. However, Rule 41 refers specifically to the dismissal of "actions." The rule clearly does not apply to the withdrawal of motions. SEC v. Standard Life Corp., 68 F.R.D. 598, 599 (W.D. Okla. 1975); *see also* Wright & Miller, Federal Practice & Procedure § 2362 n.3. As such, the Receiver's reliance on Doe v. Urohealth Systems, Inc., 216 F.3d. 157 (1st Cir. 2000), is misplaced.

Generally, a party should be allowed to withdraw a motion anytime prior to the court's entry of an order on that motion so long as the opposing party will suffer no legal prejudice. *See* Harris v. Butler, 961 F. Supp. 61, 62 (S.D.N.Y. 1997)("Because the withdrawal of plaintiff's motion will not prejudice any party, plaintiff's request to withdraw his motion is granted."). Where there is a risk of prejudice to the opposing party, the decision to allow the withdrawal of a pending motion is within the discretion of the court. Robinson, 544 F. Supp. at 964. In Robinson, the court likened the question of withdrawal to that of allowing a potentially prejudicial amendment to a pending motion and identified a number of factors to guide its discretion. *Id.* at 964–65. When the Robinson factors are applied to this case, it is clear that there is no basis for the Court to disallow Movants' withdrawal of their motion to enforce.

First, unlike the four year delay which preceded the plaintiff's attempted withdrawal in Robinson, the Movants here have acted in a timely manner to withdraw their motion. At the hearing on September 20, 2005, the Court gave the parties an opportunity to consider the possibility of an extended discovery and briefing process to be followed by a bench trial and

advise the Court accordingly. Thus, prior to the next scheduled chambers conference on the matter, the Sequa Defendants and Tillinghast notified the Court of their desire to withdraw the motion. In light of the circumstances, there is no plausible argument that the Movants acted in a dilatory manner or moved to withdraw after "undue delay."

Next, there will be no legal prejudice to the Receiver because "[t]he effect of withdrawal of a motion is to leave the record as it stood prior to the filing as though the motion had never been made." 56 Am. Jur. 2d *Motions, Rules & Orders* § 32. There was prejudice in the Robinson case due to the unusual circumstance that the plaintiff there attempted to withdraw his voluntary dismissal four years after the defendants had been "duped into believing that there had been a final disposition of the case." *Id.*, 544 F. Supp. at 965. Here, by contrast, allowing the withdrawal of the motion to enforce will not have the effect of resurrecting dubious claims that one party had long thought resolved. Instead, the withdrawal will do nothing more than leave the parties exactly where they currently are.

The Receiver argues that withdrawal would deprive him of a favorable partial ruling with respect to the alleged ambiguity of the Settlement Agreement language. Respectfully, the Movants do not believe that the Court has made any final adjudication to that effect.

The Receiver claims that he will be prejudiced by the costs he has so far incurred in preparing the memoranda already filed in connection with the motion to enforce, but this argument seems disingenuous. In light of the prospect of re-opening discovery and additional rounds of briefing, withdrawal of the motion is actually likely to save the Receiver many times as much. Whatever research and analysis the Receiver has done on the issues raised in the pending motion to enforce can be fully recycled in the event those issues are ever actually litigated.

Finally, allowing a withdrawal of the motion will not cause delay in the resolution of the case. Indeed, if it becomes necessary for the parties to undertake additional discovery and present evidence in a full non-jury trial in order to resolve the issues raised in the motion, the disallowance of the Movants' withdrawal will substantially lengthen and complicate the path to a final disposition. In addition to the additional expense to the parties, the envisioned discovery proceedings are likely to involve disputes over thorny attorney-client privilege issues that may consume significant quantities of the Court's time. Although the Receiver has indicated, through counsel, his intent to pursue an appeal, the resolution of the issues raised in the motion to enforce may ultimately become unnecessary depending upon the outcome of that appeal. In any event, it is not certain that the issues raised in the motion to enforce will inevitably be remanded to be resolved by this Court.

For the foregoing reasons, and those contained in Movants' counsels' letter to the Court dated October 31, 2005, the Court should grant the Sequa Defendants and Tillinghast leave to withdraw their motion to enforce without prejudice.

Matthew F. Medeiros (#1856)
Little Medeiros Kinder Bulman &
Whitney, P.C.
72 Pine Street
Providence, Rhode Island 02903
Tel: (401) 272-8080
Fax: (401) 272-8195

**Attorneys for Defendants Sequa Corporation and Chromalloy American Corporation**

/s/ David M. Hashmall (SKP)

David M. Hashmall
Leonard F. Lesser
Goodwin Procter LLP
599 Lexington Avenue
New York, New York 10022
Tel: (212) 459-7430
Fax: (212) 355-3333

**Attorneys for Defendants Norman E. Alexander, Robert E. Davis and Gerald S. Gutterman**

/s/ Mark Maloney (SKP)

Mark Maloney, Esq.
King & Spalding
191 Peachtree Street, Suite 4900
Atlanta, GA 30303-1763
Tel: (404) 572-4600
Fax: (404 572-5100

- and -

/s/ Dennis T. Grieco (SKP)

Michael G. Sarli, Esq.
Dennis T. Grieco, II, Esq.
Gidley Sarli & Marusak
One Turks Head Place, Suite 900
Providence, RI 02903
Tel: (401) 274-6644
Fax: (401) 331-9304

**Attorneys for Towers, Perrin, Forster and Crosby, Inc., as successor by merger to Tillinghast, Nelson and Warren and Tillinghast & Co.**

**CERTIFICATE OF SERVICE**

I hereby certify that on November 21st, 2005 the within Reply Memorandum to Receiver's Objection to Withdrawal of Motion to Compel Enforcement of Settlement was served by First Class U.S. Mail, postage prepaid, upon the following:

Melissa Horne, Esq.
Winograd, Shine & Zacks, P.C.
123 Dyer Street
Providence, RI 02903

Ellen G. Robinson, Esq.
Robinson, Curley & Clayton, P.C.
300 South Wacker Drive, Suite 1700
Chicago, IL 60606

Mr. Carleton Burtt, pro se
120 Paul Street
P. O. Box 1264
Walterboro, SC 29488

Wendy R Novak

scott/A037/1267