**STATE OF RHODE ISLAND** **SUPERIOR COURT**
**PROVIDENCE, SC.**

**A. MICHAEL MARQUES, Director of Business Regulation of the State of Rhode Island**

**Vs.** **P.M. No. 90-8282**

**AMERICAN UNIVERSAL INSURANCE COMPANY, a Rhode Island domiciliary insurance company**

---

**A. MICHAEL MARQUES, Director of Business Regulation of the State of Rhode Island**

**Vs.** **P.M. No. 91-0949**

**CANADIAN UNIVERSAL INSURANCE COMPANY, a Rhode Island domiciliary insurance company**

**PETITION FOR ORDER AUTHORIZING SETTLEMENT AND RELEASE**

Petitioner, A. Michael Marques, Receiver of American Universal Insurance Company ("AUIC") and Canadian Universal Insurance Company ("CUIC"), petitions this Court for approval of a settlement between the Receiver of AUIC and CUIC on one hand, and Towers, Perrin, Forster & Crosby, Inc., successor by merger to Tillinghast, Nelson & Warren, Inc. and Tillinghast & Co. ("Tillinghast") on the other hand. In support of this Petition, the Receiver states as follows:

1. On January 8, 1991 and February 5, 1991, this Court entered its orders placing AUIC and CUIC, respectively, into receivership and subsequently entered its Order appointing A. Michael Marques as Receiver of AUIC and CUIC.

2. Prior to 1988, AUIC and CUIC were owned and managed by Chromalloy American Corporation ("Chromalloy"), a holding company wholly owned by Sequa Corporation ("Sequa").

3. The claims against the Tillinghast which the Receiver seeks to compromise arise from Tillinghast's acts and omissions in connection with Sequa's sale in 1988 of Chromalloy American Insurance Group, Inc., of which AUIC and CUIC were members, to Resolute Holdings, Inc. (now RHI Holdings, Inc.) ("RHI").

4. On or about September 23, 1991, upon instructions from this Court, the Receiver filed a Complaint in the Rhode Island Superior Court against Tillinghast, Sequa, Chromalloy, various of Sequa's principals, RHI and others. The Complaint alleges that the controlling shareholders of RHI, G. Wayne Reeder and Charles S. Christopher, agreed to acquire the group of insurance companies in order to misappropriate the companies' assets to benefit their own personal and corporate financial undertakings and that various persons and entities, including Tillinghast, through their own misconduct, either directly or indirectly, assisted Reeder and Christopher and/or contributed to the ultimate harm sustained by the companies as a result of Reeder and Christopher's systematic looting of the companies' assets after gaining control of the companies. The claims asserted against Tillinghast in this action include negligence and misrepresentation.

5. In addition, on or about September 24, 1992, following the instruction of this Court, the Receiver filed a Complaint against Tillinghast (and others) in the United States District Court for the District of Rhode Island. The Complaint asserted various theories of recovery against Tillinghast under federal and state statutes and common law negligence claims.

6. Tillinghast has denied the allegations in the Complaints, and has vigorously contested each filing in both the state and federal courts.

7. The travel of these lawsuits has been lengthy. Beginning in April 1993, the above-referenced cases were transferred by the Judicial Panel on Multidistrict Litigation to the United States District Court for the District of Arizona and consolidated with related actions for pretrial proceedings and discovery. During the course of those proceedings, the Receiver obtained default judgments against RHI, Christopher, Reeder and other Reeder-controlled entities originally named as defendants in the lawsuits. In addition, the Receiver entered into settlements with several other defendants, including attorneys for Reeder and RHI, William W. Geary, Jr. and Carlsberg Management Co., all of which were approved by this Court. All of the cases have now been remanded to their original courts.

8. Motion practice in the federal case conducted by the transferee court resulted in summary judgment in favor of

Tillinghast on all counts. The Receiver has preserved his appellate rights as to those claims, however, as all of the claims against all of the parties have not yet been resolved.

9. The Receiver, recognizing the risks and costs attendant to a litigated resolution of all pending claims, has from time to time been involved in mediation relating to a settlement that is fair to the creditors of the estates of the respective insurance companies.

10. Following a mediation conducted by Professor Eric Green of the Boston University School of Law and Resolutions, LLC, on March 13, 2006, the Receiver and Tillinghast reached a settlement intended to resolve all matters in dispute between the Receiver and Tillinghast.

11. The terms of the settlement are set forth in the Settlement Agreement and Release attached as **Exhibit A**.

12. The Receiver has determined in good faith that the settlement outlined in the attached Settlement Agreement and Release is in the best interest of the receivership estates. The Receiver believes the settlement is fair to the creditors of the receivership estates, the largest of which are the Guaranty Funds which have and will continue to pay claims of insureds. The Receiver believes the settlement is in the best interest of the receivership estates due to the fact that there are contested issues of law and fact, differing and conflicting expert analysis

of liability and damages theories, as well as the fact that continued prosecution of these claims will result in further litigation costs to the Receiver. Because the claims asserted against Tillinghast involved transactions which resulted in the diversion of funds from AUIC, it is the Receiver's recommendation that the settlement proceeds be allocated to the AUIC receivership estate.

13. The Receiver believes that notice of this Petition to the parties identified in the Certificate of Service appended to this Petition constitutes good and sufficient notice to interested parties, and requests that the Court so find.

WHEREFORE, Petitioner prays that this Court find that the settlement was made in good faith pursuant to the provisions of R.I. Gen. Laws §27-1-16.2 and is fair, reasonable and in the best interest of the receivership estates; approve the settlement substantially in the form as attached; authorize the Receiver and her counsel to enter into the Settlement Agreement and Release executed by the parties as of September 21, 2004; to execute all documents necessary and proper to effectuate the same; and to allocate the settlement proceeds to the AUIC receivership estate.

Respectfully submitted,

**A. MICHAEL MARQUES, RECEIVER OF AMERICAN UNIVERSAL INSURANCE COMPANY, CANADIAN UNIVERSAL INSURANCE COMPANY AND CANADIAN UNIVERSAL INSURANCE COMPANY, LTD.**

By His Attorneys,

WINOGRAD, SHINE & ZACKS, P.C.

By *Melissa Horne*

Melissa M. Horne, Esq.
State Bar No. 5291
123 Dyer Street
Providence, RI 02903
Telephone: (401) 273-8300
Facsimile: (401) 272-5728

**CERTIFICATION**

I hereby certify that on *Sept. 20th*, 2006, I forwarded a true copy of the within document to the following parties:

David Hashmall, Esq.
Goodwin Procter LLP
599 Lexington Avenue
New York, NY 10019

Attorney For:
Norman E. Alexander,
Robert E. Davis, and
Gerald C. Gutterman

Matthew F. Medeiros, Esq.
Little, Bulman, Medeiros &
Whitney PC
72 Pine Street
Providence, RI 02903

Attorney For:
Sequa Corporation and
Chromalloy American Corp.

Charles S. Christopher
13355 Noel Road, #500
Dallas, TX 75240

Pro Se

Fred Wahrlich, Esq.
Mansch, Hardt, Kopf & Harr, P.C.
700 Louisiana, Suite 4600
Houston, TX 77002-2732

Attorney For:
RHI Holdings, Inc., One
Hundred Thirteen Corp.
Atlantic Universal
Insurance, Ltd., Six
Corp., Resolute
Holdings, Inc., and Hill
Top Developers, Inc.

Carleton Burtt
120 Paul Street, Box 1264
Walterboro, SC 29488

Nicholas Guttilla, Esq.
Guttilla & Murphy
4150 West Northern Avenue
Phoenix, AZ 85051

Paul Gulko
Guaranty Fund Management
Serv.
One Bowdin Square
Boston, MA 02114-2916

Michael Marchman
Georgia Insurers Insolv. Pool
2177 Flinstone Drive, Suite R
Tucker, GA 30084

Patricia Sullivan, Esq.
Edwards, Angell, Palmer & Dodge
2800 Financial Plaza
Providence, RI 02903

Attorney for:
Peat Marwick

Michael G. Sarli, Esq.
Dennis T. Grieco, II, Esq.
Gidley, Sarli & Marusak
One Turks Head Place
Suite 900
Providence, RI 02903

Attorneys for:
Towers, Perrin, Forster & Crosby, Inc., successor by merger to Tillinghast, Nelson & Warren, Inc. and Tillinghast & Co.

Daniel J. King, Esq.
Mark Maloney, Esq.
King & Spalding
191 Peach Tree Street
Suite 4900
Atlanta, GA 30303-1763

Attorneys for:
Towers, Perrin, Forster & Crosby, Inc., successor by merger to Tillinghast, Nelson & Warren, Inc. and Tillinghast & Co.

**EXHIBIT A**

**SETTLEMENT AGREEMENT AND RELEASE**

This Settlement Agreement and Release (the "Agreement") is effective as of the latest date indicated on the signature page hereof ("Effective Date"), by and between the following persons and entities, each referred to as a "Party" and collectively referred to as the "Parties":

(a) **A. Michael Marques,** in his capacity as Director of the Department of Business Regulation for the State of Rhode Island, and in his capacity as Receiver of American Universal Insurance Company ("AUIC") and Canadian Universal Insurance Company ("CUIC") (hereinafter "Marques") and all of Marques' predecessors and successors in either capacity; and

(b) **Towers, Perrin, Forster & Crosby, Inc.,** both in its own capacity and as successor by merger to Tillinghast, Nelson & Warren, Inc. and Tillinghast & Co. (hereinafter "Tillinghast").

**WHEREAS,** AUIC and CUIC have been declared insolvent and placed in receivership under the supervision of the Rhode Island Superior Court (the "Receivership Court") in the actions captioned *A. Michael Marques, Director of Business Regulation of the State of Rhode Island v. American Universal Insurance Company, a Rhode Island Domiciliary Insurance Company*, P.M. No. 90-8282 and *A. Michael Marques, Director of Business Regulation of the State of Rhode Island v. Canadian Universal Insurance Company, a Rhode Island Domiciliary Insurance Company*, P.M. No. 91-0949; and

**WHEREAS,** Marques and Tillinghast are parties to two pending civil actions styled *Marques v. Sequa Corporation, et al.*, United States District Court for the District of Rhode Island, C.A. No. 92-0512L (the "Federal Case") and *Barry G. Hittner, Receiver of American Universal Insurance Company, et al. v. Sequa Corporation, et al.*, Providence County Superior

Court for the State of Rhode Island, C.A. No. 91-6484 (the "State Case", collectively with the Federal Case, the "Litigation"); and

**WHEREAS**, the Parties wish to settle and resolve the Litigation and all claims and potential claims that they have against each other;

**NOW THEREFORE**, in consideration of the mutual representations and promises contained herein and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

1. **Payment:** Within ten (10) business days after (1) the date when the Settlement Approval Order referred to in paragraph 5 has become final and unappealable or (2) the date when any and all appeals from the entry of the Settlement Approval Order have been denied, whichever is later, Tillinghast shall pay to Marques the amount of One Million Dollars ($1,000,000.00) (the "Cash Payment"). The Cash Payment shall be transferred in a form and manner as instructed by Marques. Marques shall hold the Cash Payment in escrow, in an account separate from any account holding other funds of the AUIC and CUIC receiver estates, until such time as the dismissal orders referenced in paragraph 4 have been entered on the respective dockets of the Federal Case and the State Case. Upon entry of dismissal orders in both the Federal Case and the State Case, Marques shall be authorized to release the Cash Payment from escrow. Marques warrants and represents that the Cash Payment will then be applied to and utilized by the AUIC and CUIC receivership estates in accordance with any and all orders entered in response to a Petition for Instructions filed with the Receivership Court.

2. **Allocation of Cash Payment:** The Parties have agreed that the Cash Payment will be allocated as follows: $750,000.00 on account of the Federal Case; $250,000.00 on account of the State Case.

3. **Release:** (a) Upon full payment made to Marques pursuant to paragraph 1 above: (i) the Marques Release Parties (as defined below) hereby release, acquit and forever discharge the Tillinghast Release Parties (as defined below), from any and all liabilities, claims, actions, causes of action, debts, obligations, fees, costs, expenses and demands whatsoever, whether known or unknown, anticipated or unanticipated, which the Marques Release Parties might now have, ever have had, or may have or claim to have in the future against the Tillinghast Release Parties, up through and including the Effective Date of this Agreement and which relate in any way to AUIC, CUIC or any of their parents, subsidiaries or affiliates, including, without limitation, all claims asserted in the Litigation; and (ii) the Tillinghast Release Parties hereby release, acquit and forever discharge the Marques Release Parties from any and all liabilities, claims, actions, causes of action, debts, obligations, fees, costs, expenses and demands whatsoever, whether known or unknown, anticipated or unanticipated, which the Tillinghast Release Parties might now have, ever have had, or may have or claim to have in the future against the Marques Release Parties, up through and including the Effective Date of this Agreement and which relate in any way to AUIC, CUIC or any of their parents, subsidiaries or affiliates.

(b) The Releases given in the preceding sub-paragraph do not apply to any claims for breach of contractual obligations arising from this Agreement.

(c) Marques and Tillinghast give the Releases in paragraph 3(a) pursuant to R.I. Gen. Laws § 27-1-16.2. When effective, Paragraph 3(a) is intended to release only the Marques Release Parties and the Tillinghast Release Parties. It is not intended to discharge any of the claims any of the Parties to this Agreement have or may have against any other person or entity. The receivership estates of AUIC and CUIC agree to indemnify the Tillinghast Release Parties for all claims (including court costs and attorneys fees) that are asserted by any Insolvency Fund against any of the Tillinghast Release Parties arising out of or relating in any way to AUIC or CUIC.

(d) As used in this Paragraph 3, the term "Marques Release Parties" means Marques (as defined in the recitals of this Agreement), all of Marques' present and former deputies, servants, employees, insurers and assigns in all of those capacities, and AUIC and CUIC and their present and former subsidiaries, affiliates, predecessors, successors, assigns, officers, directors, servants, partners and employees in all of those capacities. As used in this Paragraph 3, the term "Tillinghast Release Parties" means Tillinghast (as defined in the recitals of this Agreement), and all of its present and former subsidiaries, affiliates, predecessors, successors, assigns, officers, directors, servants, partners and employees in all of those capacities.

4. **Dismissal:** At the same time that the Cash Payment set forth in Paragraph 1 above is made to Marques, the Parties shall execute and file with the appropriate courts, the documents attached as Exhibits A and B in order to effectuate dismissal of each civil action of the Litigation with prejudice. If within 180 days of the date of the Cash Payment, the court in either the Federal Case or the State Case has failed to enter a dismissal order, or if the claims against Tillinghast have otherwise not been dismissed to the satisfaction of each of the Parties,

either Party may elect to rescind this Agreement. In such event, Marques shall return the Cash Payment to Tillinghast within five (5) business days of any such rescission and this Agreement shall otherwise be null and void.

5. **Receivership Court Approval:** This Agreement is contingent upon the approval of the Receivership Court. Any and all understandings and agreements between the Parties will be null and void in the absence of such approval. Within ten (10) business days of the Effective Date of this Agreement, Marques shall file a Petition for Instructions in the Receivership Court seeking approval of the Agreement. Upon such approval, Marques's counsel shall fax and mail a copy of the Receivership Court's order approving this Agreement (the "Settlement Approval Order") to counsel for Tillinghast.

If requested to do so by Marques or his counsel, counsel for Tillinghast shall appear in the Receivership Court, at Tillinghast's expense, and support the request for approval of this Agreement.

If the Receivership Court refuses or otherwise fails to approve this Agreement and enter a Settlement Approval Order, any Party may appeal such ruling. This Agreement shall be null and void if either: (a) any Receivership Court order refusing or otherwise failing to approve this Agreement and enter a Settlement Approval Order is not appealed; or (b) an order refusing or otherwise failing to approve this Agreement is affirmed after any and all appeals are concluded.

6. **Press Releases**: The Parties agree that no press releases shall be issued by them discussing the terms of this Agreement. The Parties agree that neither of them shall be precluded from making any necessary public filings regarding the Agreement.

7. **Representations and Warranties:** Marques and Tillinghast represent and warrant that they: (a) are the exclusive legal owners of the claims encompassed by this Agreement and have not assigned, transferred or sold such claims to anyone else; (b) have standing to assert such claims; and (c) are not aware of any other persons or entities who are authorized to assert or have standing to assert the claims encompassed by this Agreement. Marques and Tillinghast further represent and warrant that no promise, representation, conduct or consideration by them or any person acting on their behalf, has induced the execution of this Agreement except those representations and considerations which are specifically set forth in this Agreement.

8. **Authority:** The Parties represent that they have read this Agreement, intend to be bound by its terms and, subject to the approval of this Agreement by the Receivership Court, have the full lawful right, power, authority and legal capacity without joinder of any other party to execute this Agreement through the persons whose signatures are subscribed below, and to consummate the undertakings specified herein.

9. **Joint Preparation:** This Agreement has been jointly prepared and therefore, the authorship hereof shall not affect the construction hereof.

10. **Representation by Counsel:** In connection with the negotiation and execution of this Agreement, the Parties have had the benefit of representation by independent legal counsel and other professionals of their own choosing.

11. **Scope of Agreement:** This Agreement and all of its terms, including the Releases set forth in paragraph 3, inure to the benefit of and are binding upon the Parties and their respective predecessors, successors, heirs, personal administrators and assigns.

12. **No Admission of Liability:** This Agreement represents the compromise of potential and disputed claims. The consideration paid herein is not and shall not be construed to be an admission of liability or fault on the part of any of the Parties, but rather is paid and received to settle disputed claims, and the Parties and each of them expressly deny any liability or wrongdoing of any kind with respect to other parties.

13. **Indemnification for Breach:** The receivership estates of AUIC and CUIC and Tillinghast agree to indemnify and hold harmless one another from and against any and all actions, causes of action, suits, claims, demands, obligations, damages and liabilities, of any nature whatsoever, including court costs and attorneys' fees, arising from, or in connection with, any action or proceeding, brought by or prosecuted by, or for the benefit of, or on the initiative of, any of them, or by any of their successors or assigns, contrary to the provisions of this Agreement. It is further agreed that this agreement of indemnity shall be deemed breached and a cause of action accrued thereon immediately upon the commencement of any action by any Party contrary to this Agreement, and may be pleaded by either of them as a defense or either of them may assert this Agreement by way of counterclaim or cross-claim in any such action.

14. **Amendment:** The terms and provisions of this Agreement may not be changed in any manner unless done in a writing signed by the Parties.

15. **Governing Law:** This Agreement shall be governed by, construed, interpreted, and enforced in accordance with the laws of the State of Rhode Island. Any claim arising out of a breach of this Agreement shall be brought in the Providence County Superior Court for the State of Rhode Island or the United States District Court for the District of Rhode Island.

16. **Entire Agreement:** This Agreement sets forth the entire understanding of the Parties with respect to its subject matter, and supersedes all prior agreements and understandings relating to any similar subject matter.

17. **Cooperation:** The Parties agree to cooperate fully in executing any and all supplemental documents and taking all additional actions that may be necessary or appropriate to give full force and effect to the basic terms and intent of this Agreement.

18. **Notice:** Notice for any purpose under this Agreement shall be accomplished by both First Class Mail and facsimile transmission as follows:

| | |
|---|---|
| To Marques: | Melissa M. Horne, Esq.<br>Winograd, Shine & Zacks, P .C.<br>123 Dyer Street<br>Providence, RI 02903 |
| To Tillinghast: | Mark M. Maloney, Esq.<br>King & Spalding LLP<br>1180 Peachtree Street, Suite 2900<br>Atlanta, Georgia 30309 |

19. **Counterparts:** This Agreement may be signed in counterparts by facsimile which, taken together, will constitute one agreement.

[End of Agreement / Signatures on Following Page]

**ACCEPTED and AGREED by the following parties on the dates indicated:**

**A. MICHAEL MARQUES**, in his
capacity as Director of the Department of
Business Regulation for the State of Rhode Island and
in his capacity as Receiver of American Universal Insurance
Company and Canadian Universal Insurance Company, and all
of Marques's predecessors and successors in either capacity

______________________________ Date: 09/07/2006

**TOWERS, PERRIN, FORSTER & CROSBY, INC.**,
successor by merger to Tillinghast, Nelson & Warren, Inc.
and Tillinghast & Co.

By: ______________________________ Date: ______________________

______________________________
Its authorized representative

**ACCEPTED and AGREED by the following parties on the dates indicated:**

**A. MICHAEL MARQUES**, in his
capacity as Director of the Department of
Business Regulation for the State of Rhode Island and
in his capacity as Receiver of American Universal Insurance
Company and Canadian Universal Insurance Company, and all
of Marques's predecessors and successors in either capacity

______________________________ Date:____________________

**TOWERS, PERRIN, FORSTER & CROSBY, INC.,**
successor by merger to Tillinghast, Nelson & Warren, Inc.
and Tillinghast & Co.

By: [signature] Date:____________________

PRINCIPAL
Its authorized representative

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| A. MICHAEL MARQUES, Receiver of American Universal Insurance Company and Canadian Universal Insurance Company, Plaintiff, v. SEQUA CORPORATION, et al., Defendants. | No. 92-512 L<br>Judge Ronald R. Lagueux |

JOINT MOTION TO DISMISS

Plaintiff, A. Michael Marques, Receiver of American Universal Insurance Company and Canadian Universal Insurance Company ("Plaintiff"), and Defendant, Towers, Perrin, Forster & Crosby, Inc., successor by merger to Tillinghast, Nelson and Warren, Inc. and Tillinghast & Co. ("Defendant"), move to dismiss with prejudice all claims that were or could have been asserted against each other in this action. In support of the relief requested herein, Plaintiff and Defendant represent that they have entered into a settlement resolving all matters in dispute between them. A copy of the Settlement Agreement and Release is attached hereto as **Exhibit A** and incorporated herein. Plaintiff and Defendant also request that this Court find this settlement to be a judicially approved good faith settlement pursuant to the provisions of R.I.Gen.Laws § 27-1-16.2.

WHEREFORE, Plaintiff, A. Michael Marques, Receiver of American Universal Insurance Company and Canadian Universal

Insurance Company, and Defendant, Towers, Perrin, Forster & Crosby, Inc., respectfully request that the Court grant the relief requested herein, that the Court enter the Stipulated Order of Dismissal in the form appended hereto as **Exhibit B**, and that they be granted such other and further relief as is just and proper.

Respectfully submitted,

Melissa M. Horne, Esq.
State Bar No. 5291
WINOGRAD, SHINE & ZACKS, PC
123 Dyer Street
Providence, RI 02903
Telephone: (401) 273-8300
Facsimile: (401) 272-5728

Cynthia Hyndman, Esq.
ROBINSON, CURLEY & CLAYTON, P.C.
300 South Wacker Drive
Suite 1700
Chicago, IL 60606

**Attorneys for Plaintiff A. Michael Marques, Receiver of American Universal Insurance Company, Canadian Universal Insurance Company and Canadian Universal Insurance Company, Ltd.**

______________________________________

Michael G. Sarli, Esq.
State Bar No.
Dennis T. Grieco, II, Esq.
State Bar No.
Gidley, Sarli & Marusak
One Turks Head Place
Suite 900
Providence, RI 02903
Telephone: (401) 274-6644
Facsimile: (401) 331-9304

Daniel J. King, Esq.
Mark Maloney, Esq.
King & Spalding
191 Peach Tree Street
Suite 4900
Atlanta, GA 30303-1763
Telephone: (404) 572-4600
Facsimile: (404) 572-5100

**Attorneys for Defendant Towers, Perrin, Forster & Crosby, Inc.**

**CERTIFICATION**

I hereby certify that on June __, 2006, I forwarded a true copy of the within document to the following parties by regular mail, postage prepaid, unless otherwise indicated:

Carleton Burtt
120 Paul Street
Box 1264
Walterboro, SC 29488

PRO SE

**By Hand Delivery**
Michael G. Sarli, Esq.
GIDLEY, SARLI & MARUSAK
One Turks Head Place, Suite 900
Providence, RI 02903
- and -
Daniel J. King, Esq.
Mark Maloney, Esq.
King & Spalding
191 Peach Tree Street, Suite 4900
Atlanta, GA 30303-1763

ATTORNEYS FOR:

TOWERS, PERRIN, FORSTER & CROSBY and RONALD WILSON

**By Hand Delivery**
Patricia A. Sullivan, Esq.
EDWARDS & ANGELL
One BankBoston Plaza
Providence, RI 02903-2499

ATTORNEY FOR:

KPMG PEAT MARWICK, LLP

Fred Wahrlich, Esq.
FLOYD, SMITH & RIOS, P.C.
700 Louisiana, Suite 4600
Houston, TX 77002-2732

ATTORNEY FOR:

Ben B. Floyd, Trustee of the Bankruptcy Estates of RHI HOLDINGS, INC. and HILL TOP DEVELOPERS, INC., Debtors

**By Hand Delivery**
James T. McCormick, Esq.
MCKENNA & MCCORMICK
128 Dorrance Street, Room 330
Providence, RI 02903

ATTORNEY FOR:

RHI HOLDINGS, INC.
HILL TOP DEVELOPERS; and
G. WAYNE REEDER

______________________________

EXHIBIT B

STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

A. MICHAEL MARQUES, Receiver of American Universal Insurance Company and Canadian Universal Insurance Company,

Plaintiff,

v.

SEQUA CORPORATION, et al.,

Defendants.

P.C. No. 91-6484

## JOINT MOTION TO DISMISS

Plaintiff, A. Michael Marques, Receiver of American Universal Insurance Company and Canadian Universal Insurance Company ("Plaintiff"), and Defendant, Towers, Perrin, Forster & Crosby, Inc., successor by merger to Tillinghast, Nelson and Warren, Inc. and Tillinghast & Co. ("Defendant"), move to dismiss with prejudice all claims that were or could have been asserted against each other in this action. In support of the relief requested herein, Plaintiff and Defendant represent that they have entered into a settlement resolving all matters in dispute between them. A copy of the Settlement Agreement and Release is attached hereto as **Exhibit A** and incorporated herein. Plaintiff and Defendant also request that this Court find this settlement to be a judicially approved good faith settlement pursuant to the provisions of R.I.Gen.Laws § 27-1-16.2.

WHEREFORE, Plaintiff, A. Michael Marques, Receiver of American Universal Insurance Company and Canadian Universal Insurance Company, and Defendant, Towers, Perrin, Forster & Crosby, Inc., respectfully request that the Court grant the relief requested herein, that the Court enter the Stipulated Order of Dismissal in the form appended hereto as **Exhibit B**, and that they be granted such other and further relief as is just and proper.

Respectfully submitted,

______________________________
Melissa M. Horne, Esq.
State Bar No. 5291
WINOGRAD, SHINE & ZACKS, PC
123 Dyer Street
Providence, RI 02903
Telephone: (401) 273-8300
Facsimile: (401) 272-5728

Cynthia Hyndman, Esq.
ROBINSON, CURLEY & CLAYTON, P.C.
300 South Wacker Drive
Suite 1700
Chicago, IL 60606

**Attorneys for Plaintiff A. Michael Marques, Receiver of American Universal Insurance Company, Canadian Universal Insurance Company and Canadian Universal Insurance Company, Ltd.**

______________________________

Michael G. Sarli, Esq.
State Bar No.
Dennis T. Grieco, II, Esq.
State Bar No.
Gidley, Sarli & Marusak
One Turks Head Place
Suite 900
Providence, RI 02903
Telephone: (401) 274-6644
Facsimile: (401) 331-9304

Daniel J. King, Esq.
Mark Maloney, Esq.
King & Spalding
191 Peach Tree Street
Suite 4900
Atlanta, GA 30303-1763
Telephone: (404) 572-4600
Facsimile: (404) 572-5100

**Attorneys for Defendant Towers, Perrin, Forster & Crosby, Inc.**

**NOTICE OF HEARING**

PLEASE TAKE NOTICE that the within Motion will be called for hearing on the ______________________________, at 9:30 a.m., before a Justice of the Superior Court, Providence Superior Court, 250 Benefit Street, Providence, Rhode Island.

______________________________

**CERTIFICATION**

I hereby certify that on June __, 2006, I forwarded a true copy of the within document to the following parties by regular mail, postage prepaid, unless otherwise indicated:

| | |
|---|---|
| Carleton Burtt<br>120 Paul Street<br>Box 1264<br>Walterboro, SC 29488 | PRO SE |
| **By Hand Delivery**<br>Michael G. Sarli, Esq.<br>GIDLEY, SARLI & MARUSAK<br>One Turks Head Place, Suite 900<br>Providence, RI 02903<br>- and -<br>Daniel J. King, Esq.<br>Mark Maloney, Esq.<br>King & Spalding<br>191 Peach Tree Street, Suite 4900<br>Atlanta, GA 30303-1763 | ATTORNEYS FOR:<br><br>TOWERS, PERRIN, FORSTER & CROSBY and RONALD WILSON |
| **By Hand Delivery**<br>Patricia A. Sullivan, Esq.<br>EDWARDS & ANGELL<br>One BankBoston Plaza<br>Providence, RI 02903-2499 | ATTORNEY FOR:<br><br>KPMG PEAT MARWICK, LLP |
| Fred Wahrlich, Esq.<br>FLOYD, SMITH & RIOS, P.C.<br>700 Louisiana, Suite 4600<br>Houston, TX 77002-2732 | ATTORNEY FOR:<br><br>Ben B. Floyd, Trustee of the Bankruptcy Estates of RHI HOLDINGS, INC. and HILL TOP DEVELOPERS, INC., Debtors |
| **By Hand Delivery**<br>James T. McCormick, Esq.<br>MCKENNA & MCCORMICK<br>128 Dorrance Street, Room 330<br>Providence, RI 02903 | ATTORNEY FOR:<br><br>RHI HOLDINGS, INC.<br>HILL TOP DEVELOPERS; and<br>G. WAYNE REEDER |

_______________________________